UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
APR 30 2008
MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD YOUNG,<br><br>    Plaintiff - Appellant<br><br>v.<br><br>TRANS UNION; EXPERIAN; EQUIFAX; VISA USA,<br><br>    Defendants - Appellees | No. 06-16051<br>D.C. No. CV-06-00114-MJJ<br><br>**MANDATE** |

The judgment of this Court, entered 12/10/2007, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/S/

By: Theresa Benitez
Deputy Clerk

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States Court of Appeals for the Ninth Circuit

**Notice of Docket Activity**

The following transaction was entered on 04/30/2008 at 2:17:06 PM PDT and filed on 04/30/2008

**Case Name:** Young v. Trans Union, et al
**Case Number:** 06-16051
**Document(s):** Document(s)

**Docket Text:**
MANDATE ISSUED.(EL, SRT and MSB)

The following document(s) are associated with this transaction:
**Document Description:** Mandate Letter
**Original Filename:** /opt/ACECF/live/forms/theresab_0616051_6517951_MandateForm_108.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1106763461 [Date=04/30/2008] [FileNumber=6517951-0]
[2a6761dc94aed0c88200ac6d0bdb0d3d426abc954128b53b8a037fff282216aa2a56aa658f817650d0cb3f7
**Recipients:**

- USDC, San Francisco
- Young, Howard

**Notice will be mailed to:**

USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

Young, Howard
COSP - 3A CORCORAN STATE PRISON
Level 3A Facility
P.O. Box 3461
Corcoran, CA 93212-3461

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 6517951
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 5602794

**FILED**

**NOT FOR PUBLICATION**

DEC 10 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| HOWARD YOUNG, Plaintiff - Appellant, v. TRANS UNION; et al., Defendants - Appellees. | No. 06-16051 D.C. No. CV-06-00114-MJJ MEMORANDUM* |
|---|---|

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted July 9, 2007**

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

Howard Young appeals pro se from the district court's judgment dismissing his action against numerous defendants arising out of his ongoing criminal prosecution in California state court. We review de novo a dismissal pursuant to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915. *Ramirez v. Galaza*, 334 F.3d 850, 853-54 (9th Cir. 2003). This Court may raise the issue of *Younger* abstention at any point during the appellate process. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). We vacate the district court's judgment and remand with instructions to abstain from exercising jurisdiction over the action for damages and to stay the action until the state criminal proceeding has been completed.

The district court improperly treated Young's Fair Credit Reporting Act and state and federal Right to Financial Privacy Act claims as brought under 42 U.S.C. § 1983 and then dismissed them as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Young's complaint did not purport to allege those causes of action under section 1983. *See Bogovich v. Sandoval,* 189 F.3d 999, 1001 (9th Cir. 1999) ("courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action.").

In light of the ongoing state court criminal proceedings, the district court was required under *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from exercising jurisdiction over Young's statutory claims for money damages and to stay the action until the state court proceeding was completed. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from

exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending.").

Accordingly, we vacate the district court's judgment and remand for the limited purpose of allowing the district court to enter an order staying Young's action for damages until the state proceeding has been completed.

Appellant shall bear the costs on appeal.

**VACATED and REMANDED.**

3



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 3 0 2008

by: Deputy Clerk