# United States District Court
## For The Northern District of California

FILED
08 MAY 12 PM 1:26
RICHARD W. WIEKING
CLERK, U.S. DIST. COURT
NORTHERN DIST. OF CALIFORNIA

Mr. Howard Young
            Plaintiff,

v                           D.C. No. CV-06-00114 MJJ JF

Trans Union; et al.,
            Defendants          Motion For Findings
                                And Recommendations
                                And To Allow Service,
                                And To lift Stay

To The Honorable Martin J. Jenkins;

Plaintiff, hereby, moves this Court with this Motion For Findings
And Recommendations And to Allow Service, And To lift Stay.

Plaintiff filed this complaint No. CV-06-00114 MJJ on 1/10/2006, but
it was subsequently dismissed without prejudice on 5/25/2006 as a
mixed petition, applying Heck v Humphrey. Plaintiff appealed and the Ninth
Circuit determined that this court "improperly treated Young's Fair Credit
Reporting Act and state and federal Right to Financial Privacy Act claims
as brought under 42 U.S.C. §1983 and then dismissed them as barred
under Heck v Humphrey...." (See Exhibit A-attached)

The Ninth Circuit, in granting Reversal, also instructed that "the district court
enter an order staying Young's action for damages until the state proceeding
has been completed." (See Exhibit A-attached)
                    Page 1/3

The issues in question, in the state proceedings, have now been completed, so plaintiff requests that this court now continue plaintiff's complaint in this court. (See Exhibit B-attached)

Plaintiff requests that this court exercise pendent and/or ancillary jurisdiction over those claims that have been exhausted in the California Supreme Court case numbers S156104 and S157535, along with those claims attempted to be raised in the Petition for Review to the California Supreme Court, but deemed untimely. (See Exhibit C-attached)

Plaintiff contends that the "cause" of the untimeliness of the Petition for Review was that the prison authorities failed to mail in the Petition for Review and the "prejudice" from the default involves issues raised in the Petition for Review that it likely affected the outcome of the court proceedings in the lower courts. All these issues were previously presented to this court in the plaintiff's complaint.

Plaintiff is proceeding as a state prisoner, pro se and in forma pauperis in this action filed pursuant to 15 §168l et seq, 12 U.S.C. § 3401 et seq, California Government Code § 7460 et seq and other statutes, including, but not limited to: 42 U.S.C. §1983.

Plaintiff also contends that exhaustion of state proceedings has been completed regarding previously unexhausted issues. (See Exhibit B-attached)

Plaintiff has submitted Amended and Supplemental Complaints, Motion For Appointment of Counsel, Request To Have Complaint Referred to Pro Bono Counsel and Motion for Injunctive Relief and/or Summary Judgment, with this Court that have not been decided. Plaintiff is now moving this court to hear and decide those previously filed motions and requests and/or to make any necessary findings and recommendations and to allow service on cognizable claims so that plaintiff's Action can now move forward.

Plaintiff Requests service of process by U.S. Marshalls.

Lastly, plaintiff, not being an attorney, requests that due to the fact that some issues challenge the fact or duration of plaintiff's confinement and if successful would spell plaintiff's immediate release, that this court either determine those issues as they stem directly and/or indirectly from violations of 15 U.S.C. § 1681 et seq which gives this court jurisdiction pursuant to § 1681p, or this court allow and/or instruct plaintiff to file a federal habeas corpus in this court raising those same issues to alleviate any technicalities, being that this court would also have jurisdiction as those issues have been exhausted and they are from a conviction in Santa Clara County, or that this court allows those issues pursuant to pendent and/or ancillary jurisdiction so that all issues can be heard and decided by this court, saving this court time and resources.

Wherefore, plaintiff prays for all relief which is just and proper.

Dated: 4-20-08

Mr. R
Signature of Plaintiff In Pro Se

EXHIBIT

A

# FILED

NOT FOR PUBLICATION

DEC 10 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOWARD YOUNG,

        Plaintiff - Appellant,

   v.

TRANS UNION; et al.,

        Defendants - Appellees.

No. 06-16051

D.C. No. CV-06-00114-MJJ

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted July 9, 2007**

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

    Howard Young appeals pro se from the district court's judgment dismissing

his action against numerous defendants arising out of his ongoing criminal

prosecution in California state court. We review de novo a dismissal pursuant to

---

    *     This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915. *Ramirez v. Galaza*, 334 F.3d 850, 853-54 (9th Cir. 2003). This Court may raise the issue of *Younger* abstention at any point during the appellate process. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). We vacate the district court's judgment and remand with instructions to abstain from exercising jurisdiction over the action for damages and to stay the action until the state criminal proceeding has been completed.

The district court improperly treated Young's Fair Credit Reporting Act and state and federal Right to Financial Privacy Act claims as brought under 42 U.S.C. § 1983 and then dismissed them as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Young's complaint did not purport to allege those causes of action under section 1983. *See Bogovich v. Sandoval,* 189 F.3d 999, 1001 (9th Cir. 1999) ("courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action.").

In light of the ongoing state court criminal proceedings, the district court was required under *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from exercising jurisdiction over Young's statutory claims for money damages and to stay the action until the state court proceeding was completed. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from

exercising jurisdiction temporarily by staying its hand until such time as the state

proceeding is no longer pending.").

Accordingly, we vacate the district court's judgment and remand for the

limited purpose of allowing the district court to enter an order staying Young's

action for damages until the state proceeding has been completed.

Appellant shall bear the costs on appeal.

**VACATED and REMANDED.**

EXHIBIT

B

S156104

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re HOWARD YOUNG on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

MAR 1 2 2008

Frederick K. Ohlrich Clerk

_____
Deputy

Moreno, J., was absent and did not participate.

_____
GEORGE
Chief Justice

MC–275

Name *Mr. Howard Young*

Address *P.O. Box 8800*

*Corcoran, CA. 93212 - 8800*

CDC or ID Number *F-44590*

*California Supreme Court*

(Court)

**SUPREME COURT**
# FILED

SEP 0 7 2007

**Frederick K. Ohlrich Clerk**

_____ DEPUTY

---

*Mr. Howard Young*
Petitioner

vs.

*California Department Of Corrections and Rehabilitation*
Respondent *Derral Adams- Warden*

PETITION FOR WRIT OF HABEAS CORPUS

No.    **S156104**

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

This petition concerns:

☑ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

1. Your name: _Mr. Howard Young_

2. Where are you incarcerated? _Corcoran State Prison_

3. Why are you in custody? ☑ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   _Commercial Burglary - Grand Theft_

b. Penal or other code sections: _459 - 490_

c. Name and location of sentencing or committing court: _Santa Clara County Court_

d. Case number: _CC 454838_

e. Date convicted or committed: _4-14-06_

f. Date sentenced: _9-22-06_

g. Length of sentence: _30 years_

h. When do you expect to be released? _Sooner than prime_

i. Were you represented by counsel in the trial court? ☑ Yes. ☐ No. If yes, state the attorney's name and address:

   _Jess Guy - Santa Clara County Alternate Defender's Office_

4. What was the LAST plea you entered? *(check one)*

   ☑ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6.  GROUNDS FOR RELIEF
    Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Fourteenth Amendment - Due Process Clause. Equal Protection - Penal Code 8050 - 8080
- Community Based Punishment Act - California Diversion Statutes P.C. 1001 - 1001.9 - 1001.75
Santa Clara County Court did not release petitioner upon successful completion of Diversion/
Community Based Punishment Act Program + (II) Fifth Amendment - Double Jeopardy & Due Process

a.  Supporting facts:
    Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where):* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On Oct 3, 2004, while in custody pending the charges which the petitioner is currently
sentenced, petitioner was accepted into Santa Clara County Regimented Correction Program
(RCP I) which is a Boot Camp style, diversion and Community based Punishment Act program
where upon successful completion of program participants are released by the Court to further
Community based punishment such as RCP II. Yet, after petitioner's successful completion
of program the petitioner was not released as other RCP participants. Petitioner has
a protected liberty interest that upon successful completion of program he would also be
released since the practice and policy, along with California Statutes trigger the due
Process clause of the fourteenth Amendment. Additionally, upon successful completion of the
RCP I program, participants are placed in a work-release program, of which the petitioner
should have ultimately been placed. Lastly, petitioner complains of double jeopardy where
upon successful completion of the Community based Punishment Act Intermediate Sanctions of "4 Lock"
incarceration and RCP I Boot Camp. Any further punishment should be viewed as double punishment.

b.  Supporting cases, rules, or other authority (optional):
    (Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

See Ground 1 and Winsett v McGinnes (C.A.3(DE) 1980) 617 F.2d 996
Durson Rowe (C.A.7(Ill) 1978) 579 F.2d 1365 - Wolff v McDonnell, 418 U.S. 539, 945. Ct. 2963

7. Ground 2 or Ground _____ (if applicable):

(VI) Sixth Amendment Speedy Trial Rights
P.C. 859b
(XIV) Fourteenth Amendment Due Process

a. Supporting facts:

On Oct 14, 2004, Petitioner pled not guilty, waived the 10 day Right to Preliminary Hearing, but the Preliminary Hearing was set for Jan 10, 2005 beyond the mandatory 60 day requirement of P.C. 859b

On Jan 18, 2005, Petitioner again pled not guilty, did not waive either 10 or 60 day Right to Preliminary Hearing, but the Preliminary Hearing was not held until June 2, 2005 beyond both the 10 and 60 mandatory requirements of P.C. 859b

On May 15, 2005, the Complaint was Amended by the District Attorney adding counts 29, 30 & 31, Petitioner pled not guilty, but the Preliminary Hearing was set and held on June 2, 2005 beyond the 10 day mandatory requirement of P.C. 859b.

Petitioner had a liberty interest that if the Preliminary Hearing was not held within the time constraints that Petitioner would be released and charges dismissed, Along with Speedy trial Rights.

b. Supporting cases, rules, or other authority:

See Ground 2 and People v Mackey (1985) 176 Cal. App. 3d 177
Feving v Superior Court (1979) 93 Cal. App. 3d 596
Landrum v People (1981) 30 Cal. 3d 1, 634 P. 2d 352
People v Love (2005) 132 Cal. App. 4th 276

7. Ground 2 or Ground _____ (if applicable):

In Effective Assistance Of Counsel

_____

_____

_____

a. Supporting facts:

Neither trial Counsel - Jess Guy, nor Sentencing Counsel - Jamie Harmon raised any of the previously mentioned issues/Grounds, which may have facilitated Petitioner's Release/and/or dismissal of all charges, and can not be construed as trial or sentencing strategy. We further raise the issue that neither above-mentioned Counsel would investigate Petitioner's Alibi defense which coincided with Petitioner's cell phone records that Petitioner was in the Sacramento Area to purchase a sweeper truck within 10 minutes of one of the allegations which occurred in the Santa Clara County Area which would be virtually impossible given the time and location.

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
Sixth District Court of Appeal

b. Result   Pending                                    c. Date of decision: _____

d. Case number or citation of opinion, if known:   H030682

e. Issues raised:  (1)  Abuse of Discretion

    (2)  Inadmissibility of Evidence

    (3) _____

f. Were you represented by counsel on appeal? ☑ Yes. ☐ No. If yes, state the attorney's name and address, if known:
J. Frank McCabe

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No.  If yes, give the following information:

a. Result   Pending                                    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised:  (1)  Federal Question Jurisdiction
    (2)  Statute of Limitations
    (3)  Illegal Search & Seizure - Violation of the F.C.R.A. 15 U.S.C. 1681 et seq

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a.  (1) Name of court: _Supreme Court of California_

(2) Nature of proceeding (for example, "habeas corpus petition"): _Petition for Review_

(3) Issues raised: (a) _Denial of Request for Rehearing, Supplemental Appellants Opening Brief_

(b) _Denial of Supplemental Writ of Prohibition, Writ of Prohibition, Request for Copy of the Record_

(4) Result (Attach order or explain why unavailable): _Pending_

(5) Date of decision: _____

b.  (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) _These issues have been raised in the lower courts._

16. Are you presently represented by counsel? ☑ Yes. ☐ No. If yes, state the attorney's name and address, if known: _J. Frank McCabe_

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain: _Supreme Court of California_

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: _Direct Appeal still Pending in the Sixth District Court of Appeal_

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

S157535

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re HOWARD YOUNG on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750; *In re Dixon* (1953) 41 Cal.2d 756.)

SUPREME COURT
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

_____
Deputy

Moreno, J., was absent and did not participate.

_____
GEORGE
Chief Justice

Name *Mr. Howard Young*

Address *P.O. Box 8800*

*Corcoran, California 93212-8800*

*Corcoran State Prison*

CDC or ID Number *F-44590*

SUPREME COURT MC–275

# FILED

OCT 25 2007

Frederick K. Ohlrich Clerk

_____
Deputy

*California Supreme Court*

_____
(Court)

_____

| |
|---|
| *Mr. Howard Young* |

Petitioner

vs.

*California Department of Corrections and Rehabilitation -*

Respondent *Derral Adams - Warden-Corcoran State Prison*

PETITION FOR WRIT OF HABEAS CORPUS

# S157535

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

7. Ground 2 or Ground _____ (if applicable):

(See Ground 1 on Previous Page)

Please note: F.C.R.A § 1681 et seq is the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq,
R.F.P.A § 3401 et seq is the Right to Financial Privacy Act 12 U.S.C. § 3401 et seq, and
C.R.F.P.A § 7460 et seq is the California Right to Financial Privacy Act - California Government Codes 7460 et seq

a. Supporting facts:

Det Bouja, using Petitioner's consumer credit report and see Petitioner had a Visa credit card,
contacted Visa and obtained Petitioner's financial record without legal process, in violation of the
R.F.P.A § 3401 et seq and/or the C.R.F.P.A § 7460 et seq. Det Bouja then notified Det.
Flohr of some travel and rent-a-car charges on the Petitioner's financial record, Det. Flohr then
contacted Hertz and verified some charges to Petitioner's financial record, leading Det. Flohr to
then obtain search warrants to Visa USA, Hertz, Avis and Airline Reporting Corporation
A.R.C. The Hertz and Airline Reporting Corporation search warrants are outside of the
State Court issuing jurisdiction as they are located in Oklahoma and in Virginia.
All search warrants lack probable cause, the affiant Det Flohr did not have good faith
in obtaining nor executing the search warrants, and are fruit from a poison tree as they
were obtained based on information in violation of Federal and/or State laws.
Det. Bouja's obtaining and use of Petitioner's consumer credit report was another violation
of the F.C.R.A § 1681 et seq.


We further state that there's a 4th (IV) Amendment Right to Privacy to Petitioner's
Records obtained without legal process, including, but not limited to, Visa USA, Avis,
Hertz and Airline Reporting Corporation (A.R.C.), which were first obtained prior
to those search warrants, obtained through "initial contacts" by Det Bouja and Det Flohr.

b. Supporting cases, rules, or other authority:

Spornberger v First Midwest Bank, 278 F.Supp.2d 935 (affirmed on other grounds)

People v Blair (1979) 169 Cal. Rptr. 818 (motion granted/affirmed on other grounds)

In re Grem (C.A. 9(cal)1980) 633 F.2d 825

Duncan v Handmaker (C.A.6 (KY)1998) 149 F.3d 424

Federal Rules of Criminal Procedure Rule 41(a)(2)

U.S. v Baker (C.A.10 (Colo)1990) 894 F.2d 1144

6. GROUNDS FOR RELIEF
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

   Trial court imposed an illegal enhancement

   a. Supporting facts:
      Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

      Petitioner entered into a Plea Agreement regarding his prior conviction of Kidnapping, which was prior to the 3-strikes law (P.C. 667), and the guilty plea was accepted by the San Francisco Superior Court. The plea Agreement did not include the future use of the charge of kidnapping would or could be used to enhance a future conviction. Yet, Petitioner's prior conviction for Kidnapping was currently used to enhance Petitioner's current conviction.

   b. Supporting cases, rules, or other authority (optional):
      *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. Ground 2 or Ground _____ (If applicable):

U.S. Constitution

_____

_____

_____

a. Supporting facts:

By not bifurcating the Petitioner's Prior convictions the Petitioner testified admitting having prior convictions. The District Attorney subsequently used Petitioner's admission to having prior convictions to prove to the Jury, at the Jury Trial for Prior convictions, After Petitioner was found Guilty of the charges. Yet, by the District Attorney using the Petitioner's trial testimony without any evidence the Jury did not have the ability to do the fact finding of whether Petitioner's admission of Prior convictions was sufficient to prove those Prior convictions as prior convictions pursuant to Penal Code 667 And for the Jury to determine any aggravating factors. Hence, the Judge determined the aggravating factors and evidence of the Petitioner's Prior Convictions, Thereby violating the Petitioners Right to the full essence and meaning of a Jury trial.

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

People v Sandoval, S148917 (Cal. July 19, 2007)

Cunningham v California, 127 S. Ct 856 (Jan. 22, 2007)

_____

7. Ground 2 or Ground _____ *(if applicable):*

Prosecutorial Misconduct & Due Process

_____

_____

_____

a. Supporting facts:

D.D.A. Flattery Also violated the F.C.R.A. §1681 et seq. and the C.R.F.R.A.

§7460 et seq. by using Petitioner's consumer credit report and financial record to obtain

subsequent subpoenas for Petitioner's financial and business records from Visa, Chase

Visa, Bank of America, Avis, Hertz etc.. This occurred after the same Visa,

Hertz and Avis records were obtained by search warrants. All of which is also

fruit from a poison tree. D.D.A Flattery further violated the F.C.R.A §1681 et seq.

by using, obtaining and disclosing Petitioner's consumer credit report to prosecute Petitioner

at trial. These violations also include D.A.G. Bud Frank of the California Attorney General's

office who co-prosecuted this case against Petitioner. Also, these search warrants were

too broad and not particular, to comport with the particularity requirements of the

(IV) 4th Amendment and/or the F.C.R.A. §1681 et seq. and/or the C.R.F.P.A. §7460 et seq..

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

(Also, see previously cited cases)

Soghomonian v U.S. (E.D. Cal. 2003) 278 F. Supp. 2d 1151

EXHIBIT
C



MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐   SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

February 25, 2008

Mr. Howard Young  F-44590
P.O. Box 8800
Corcoran, CA  93212-8800

Re:    **Petition for Review**

Dear Mr. Young:

Your documents, received February 25, 2008, in the above-entitled matter cannot be considered by this court due to lack of jurisdiction.

Our records indicate that for Case No. H030682, the Court of Appeal Sixth Appellate District filed its order on May 3, 2007.  The last day we could have entertained any pleading was June 2, 2007.  As for the order dated July 17, 2007 on the same case number, the last day we could have entertained any pleading was August 16, 2007.  Without this jurisdiction, this court is unable to consider your request for legal relief.

Also attached, per your request, are copies of your petition for writ of habeas corpus, case numbers S156104 (filed 09/07/07) and S157535 (filed 10/25/07), both of which are still pending.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: I. Catanoc, Deputy Clerk

Enclosure

To the Clerk, Supreme Court of California,

Greetings and Best Wishes,                                    1-31-08

    Enclosed are copies of the Petition for Review that I'd like filed with this Court. I'm unable to acquire more copies at this time. Please send me back a filed copy. I originally filed an identical Petition for Review in July 07, but I've now been informed that this Court may not have recieved the previous Petition for Review. Please review your records to see if you did recieve the previous Petition for Review in July - Aug. 07. Also, I've now been informed that there was some action on May 7, 07 by Santa Clara County which was denied on June 13, 07, but I have not recieved copies of any of those documents. Please send me copies of those documents, along with the Docket Sheets of the legal actions in this Court on my behalf. I've also attached a copy of the letter from Attorney J. Frank McCabe to the Petition for Review, Dated August 13, 2007, which shows that I sent him a hand written copy of the previously mentioned Petition for Review that I thought this Court recieved. My previous request to this Court regarding the previous Petition for Review has gone unanswered.
Your Consideration, help and response
are greatly appreciated.

    Thank You and Best Regards,

    Mr. Howard Young
    F-44590
    P.O. Box 8800
    Corcoran, CA. 93212-8800

RECEIVED
FEB 2 5 2008
CLERK SUPREME COURT

Mr. Howard Young Jackson
#44590
P.O. Box 8800
Corcoran, CA. 93212-8800

# SUPREME COURT OF CALIFORNIA

| | |
|---|---|
| The People of the State of California, | No. |
| Plaintiff and Respondent | H030682 |
| v. | Sixth Appellate Court |
| Howard Allen Young, | CC454838 |
| Defendant and Appellant | Santa Clara Superior Court |

Petition for Review, and
Consolidation of Cases

TO THE HONORABLE COURT;

Appellant, In Pro Se, hereby, moves this Honorable Court with this Petition for Review from the Sixth Appellate Court's denials of appellant's Supplemental Opening Brief, Request for Rehearing, Supplemental Request for Rehearing, Writ of Prohibition and Supplemental Writ of Prohibition dated July 17, 2007 and May 3, 2007. (See Exhibit A)

Appellant requests that this Court now consider, rule and/or deem all the issues raised in the above-mentioned pleadings, exhausted at this Supreme Court of California level, so appellant can have all those enclosed issues determined by the U.S. District Court for the Northern District of California in case # D.C. No. CV-06-00114-MJJ which the Ninth Circuit has instructed "to stay the action until the state court proceeding was completed." (See Exhibit B)

RECEIVED
FEB 2 5 2008
CLERK SUPREME COURT

Page 1/2

Appellant previously filed a Petition for Review with this Court within 10 days of the denial of the Sixth Appellate Court's July 17 2007, but Appellant has been recently informed by this Court's clerk that the previous Petition for Review was not recieved. (See Exhibit-C)

Appellant, hereby, requests that this Court either now review, consider and rule on all issues previously raised in the Sixth Appellate Court pleadings that Appellant filed, including, but not limited to; the Writ of Prohibition, Supplemental Writ of Prohibition, Request for Rehearing, Supplemental Request for Rehearing and/or Supplemental Opening Brief, or that this Court deem all those issues Exhausted at this Supreme Court of California level, so that they can now be heard in the U.S. District Court for the Northern District of California case No. D.C. No. CV-06-00114-MJJ. Appellant lastly requests that this Court consolidate cases #S156104 and #S157535 currently pending in this Court, with this Petition for Review and they be heard, decided and/or deemed Exhausted at the same time. Wherefore, Appellant prays for all relief which is just and proper.

Appellant declares under penalty of perjury that the foregoing is true and correct.

Dated: 1-31-08

Signature of Appellant In Pro Se

SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE OF THE STATE
OF CALIFORNIA,
    Plaintiff and Respondent,

v.

HOWARD ALLEN YOUNG,
    Defendant and Appellant

No. _____

H030682
Sixth Appellate Court

CC 454838
Santa Clara Superior Court

Petition for Review

TO THE HONORABLE COURT:

Appellant, In Pro Se, hereby, moves this Honorable Court for a
Petition for Review from the Sixth Appellate Court's denial
filed July 17, 2007 and May 3, 2007 of the appellant's, In Pro Per,
Supplemental Opening Brief and the Appellant's Request for Rehearing
and Supplemental Request for Rehearing. Appellant requests that this
Court now consider and rule on those issues and/or deem them
exhausted at this Appellate level so Appellant can move for federal
Habeas Corpus.

Whereby, Appellant, prays for relief which is just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

(This is NOT AN EXACT COPY OF THE ORIGINAL Petition for Review)

D.A. July 25, 2007

Declaration Of Service By U.S. Mail

Case Name: People v Howard Allen Young

I declare that I, Howard Young, did place copies addressed below in the U.S. Mail Box here at Corcoran State Prison on August 2, 2007. I am over 18 years of age. I, hereby, served the Motion to Deny Any further Time Extensions by Respondent in a sealed envelope with postage prepaid, addressed as follows: (Also served in the same envelope is Appellant's Petition For Review in California Supreme Court)

J. Frank McCabe
Attorney At Law
500 Sansome sta., Suite 212
San Francisco, CA. 94111

Sixth District Appellate Program
100 North Winchester Blvd., suite 310
Santa Clara, CA. 95050

Joan Killeen
Deputy Attorney General
455 Golden Gate Ave, suite 11000
San Francisco, CA. 94102-7004

Santa Clara County Court
191 North First sta.
San Jose, CA. 95113

Santa Clara County District Attorney
70 West Hedding sta.
San Jose, CA. 95110

**J. FRANK McCABE**

ATTORNEY AT LAW

TELEPHONE (415) 397-1757

500 SANSOME STREET, SUITE 212
SAN FRANCISCO, CALIFORNIA 94111

FAX (415) 433-7258

August 13, 2007


Howard Young
F44590  3A-05/150
P.O. Box 3461
Corcoran, Ca. 93212

   Re: <u>People v. Young</u>

Dear Mr. Young:

   I have received copies of your motion to the 6th
District and your <u>petition for review to the California Supreme
Court.</u>

   I have not filed a motion to get the attorney general
to file his brief because, in my experience, that does no good
whatsoever. The court of appeal is very generous in granting
extensions to the AG (and, usually, also to defense counsel.)

   <u>In your petition for review,</u> you state that you want to
exhaust issues so that you can "move for federal habeas corpus."
I want to warn you again that, with very few exceptions, you get
to file one and only one federal petition for a writ of habeas
corpus, so even if the California Supreme Court denies your
petition, do not file a federal petition too soon or else you may
be barred from filing another petition on other issues.


        Yours sincerely,

        J. FRANK McCABE



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT

THE PEOPLE,
Plaintiff and Respondent,

v.

HOWARD ALLEN YOUNG,
Defendant and Appellant.

H030682
Santa Clara County No. CC454838

Court of Appeal - Sixth App. Dist.

**F I L E D**

JUL 17 2007

MICHAEL J. YERLY, Clerk

By _____
          DEPUTY

BY THE COURT:

Appellant's in pro per request for rehearing from the order denying his request to file a supplemental opening brief dated May 3, 2007, is denied.

Permission to file in pro per appellant's supplemental request for rehearing received by the court on July 2, 2007, is granted. The request for a supplemental rehearing of the court's order dated May 3, 2007, is denied.

Date: ___JUL 17 2007___        _____ P.J.
                                        RUSHING, P.J.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

F I L E D

MAY 3 - 2007

MICHAEL J. YERLY, Clerk

By_____
                    DEPUTY

THE PEOPLE,
        Plaintiff and Respondent,

        v.

HOWARD ALLEN YOUNG,
        Defendant and Appellant.

No. H030682
(Super. Ct. No. CC454838)
Santa Clara County

BY THE COURT:

The clerk of the court is directed to file in pro per appellant's motion requesting to file a supplemental opening brief, supplemental writ of prohibition, motion for rehearing of denial of writ of prohibition and motion for a complete copy of the record, received from counsel for appellant on April 10, 2007, forthwith. The court having considered said motion and various requests made by the above named appellant hereby orders said motion and all requests made therein, denied.

The motion by counsel for appellant for permission to file a supplemental opening brief is granted and the clerk of the court shall file said supplemental opening brief received by the court on April 18, 2007, forthwith.

Time to file respondent's brief is extended to 15 days from the date of this order.

Dated    MAY 3 - 2007          RUSHING, P.J.          P.J.

C06-114-JJ

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:

I am over 18 years of age, and a party to the within action.

My address is:     F-44590

P.O. Box 8800

Corcoran, CA. 93212-8800

On  MAY 5, 2008  , I served a copy of the attached

Motion for Findings and Recommendations and to

Allow Service, and to Lift Stay

On the below-named persons by placing a true copy thereof
in envelope addressed as follows, with first class postage
thereon fully prepaid, and delivering the sealed envelopes,
according to the procedures prescribed for sending legal
mail, to the proper institutional official for deposit
in the United States mail at Corcoran, in the County of
Kings, California.

U.S. District Court            California Attorney General
Northern District of California   Department of Justice
450 Golden Gate Ave            1300 I Street
San Francisco, CA. 94102       P.O. Box 944255
                               Sacramento, CA. 94244-2550

Executed under penalty of perjury this  7  day of
MAY  , 2008 , at Corcoran, California.

DECLARANT



CALIFORNIA STATE PRISON

Clerk, U.S. District Court
For The Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102-3483



PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
www.usps.com
Label 107R, February 2006

LEGAL MAIL

MR. Howard Younis
F-44540 3A-05-150
P.O. Box 9110
Solidad, CA 93960