UNITED STATES DISTRICT COURT    FILED

FOR THE NORTHERN DISTRICT OF CALIFORNIA 2008-8 P - 13

SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

MR. HOWARD YOUNG
    Plaintiff,

V

TRANS UNION; et al.,
    Defendants.

D.C. No. CV-06-00114-J.F.

Plaintiff's Motion For
AN EVIDENTIARY HEARING
AND APPOINTMENT OF COUNSEL

TO THE HONORABLE JEREMY FOGEL;

Plaintiff, hereby, moves this Court, as soon as can be heard, with this Motion For an Evidentiary Hearing.

Plaintiff does request that the evidentiary hearing be held on or before September 19, 2008

Plaintiff also requests that at the time of the evidentiary hearing that this Court also hear the Plaintiff's Amended Motion For Summary Judgment.

Plaintiff filed with this Court a Petition for Writ of Habeas Corpus by a person in State Custody on July 10, 2008 upon reassignment of the plaintiff's original complaint and amended complaint that was first filed in the San Francisco Division, Dismissed Without Prejudice, then Reversed and Remanded by the Ninth Circuit Court of Appeals. (SEE EXHIBIT A)

Plaintiff has requested that this court exercise pendent and/or ancillary jurisdiction over all issues that have sprung forth from the violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq, the Right To Financial Privacy Act 12 U.S.C. § 3401 et seq and/or the California Right To Financial Privacy Act § 7460 et seq, along with the violations of the U.S. Constitution, and are entertained, particularly since this Court has Original Jurisdiction pursuant to § 1681p and § 3416. (See EXHIBIT A)

Plaintiff raised identical issues in the Habeas Corpus that are already currently pending in the Original and Amended Complaints, as well as that are included in the Plaintiff's Amended Motion for Summary Judgment, particularly based on the out-of-state search warrants to Trans Union in Chicago Illinois, Experian in Allen Texas and Equifax in Atlanta Georgia. (See EXHIBIT B)

Plaintiff also raised the issues of violations of the U.S. Constitution, including, but not limited to; Due Process violations, Equal Protection, illegal search and seizure, Federal Question Jurisdiction, statute of limitation violations and ineffective assistance of counsel, particularly due to plaintiff's successful completion of the Santa Clara County Regimented Correction Program (R.C.P.I) where plaintiff has a state created liberty interest in being released upon successful completion of the RCP I as other participants. (See EXHIBIT C)

Clearly, the out-of-state/out-of-jurisdiction search warrants to Trans Union, Experian and Equifax should be deemed invalid and/or void on their face, suppressed and ruled in violation of the 4th Amendment. (See Exhibit B - "... execution of search warrant beyond county officer's jurisdiction violated the Fourth Amendment. ..." Sychuan Band of Indians v Ponche (S.D.Cal 1992) 788 F. Supp 1498)

PAGE 2/3

Plaintiff, lastly, requests that this Court Appoint Counsel to represent the plaintiff particularly due to the complexities of plaintiff's complaint and Habeas Corpus, and particularly as the petitioner in the Habeas Corpus.

Plaintiff has made attempts to acquire representation and thereby requests that alternatively this Court refer plaintiff's case to the Court's available Pro Bono Project(s), particularly the Volunteer Legal Services Program, whom have responded that they would consider accepting my case upon this Court's referral. (See Exhibit D)

Plaintiff, additionally, notes that plaintiff previously, in the Plaintiff's Amended Motion for Summary Judgment, that when contending violations of the RFPA § 3401 et seq and/or § 7460 et seq by F.B.I/REACT Alex Bouza, plaintiff mistakenly referred to the VISA search warrant and affidavit when, in fact, the Airline Reporting Corporation, Cendant Car Rental Group (Avis) and Hertz affidavits clearly state "Detective Bouza of the REACT Task force learned from VISA that Young has. . . . " (See Exhibit E)

Wherefore, plaintiff prays that this Court grant plaintiff an Evidentiary Hearing, Appointment of Counsel and/or Referral to Pro Bono Project(s) particularly the Volunteer Legal Services Program, and grant any and all relief which is just and proper, including but not limited to; Summary Judgment, suppression of all search warrants and plaintiff's immediate release.

Dated: July 28, 2008

SIGNATURE OF Plaintiff IN Pro Se





UNITED STATES DISTRICT COURT
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

General Court Number
415.522.2000

Richard W. Wieking
Clerk

**May 7, 2008**

**CASE NUMBER: CV 06-00114 MJJ**
**CASE TITLE: HOWARD YOUNG-v-TRANS UNION**

REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **SAN JOSE** division.

**Honorable JEREMY FOGEL** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **JF** immediately after

the case number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND
SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE
HAS BEEN REASSIGNED.

Date: 5/7/08

FOR THE EXECUTIVE COMMITTEE:

_Richard W. Wieking_
Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies
Log Book Noted

Special Projects
Entered in Computer 5/7/08 MAB

CASE SYSTEMS ADMINISTRATOR:
Copies to:  All Counsel

Transferor CSA

**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wicking
Clerk

General Court Number
415.522.2000

May 6, 2008

CASE NUMBER:  **CV 06-00114 MJJ**
CASE TITLE:  **HOWARD YOUNG-v- TRANS UNION**
DATE MANDATE FILED:  5/2/08

TO COUNSEL OF RECORD:

The mandate of the United States Court of Appeals for the Ninth Circuit has been filed in the above captioned case.

Sincerely,

RICHARD W. WIEKING, Clerk

by: (Sheila Rash
Case Systems Administrator

Distribution:  CIVIL      -     Counsel of Record

CRIMINAL   -     Counsel of Record
U.S. Marshal (Copy of Mandate)
U.S. Probation Office

NDC App-16

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States Court of Appeals for the Ninth Circuit

**Notice of Docket Activity**

The following transaction was entered on 04/30/2008 at 2:17:06 PM PDT and filed on 04/30/2008

| | |
|---|---|
| **Case Name:** | Young v. Trans Union, et al |
| **Case Number:** | 06-16051 |
| **Document(s):** | Document(s) |

**Docket Text:**
MANDATE ISSUED.(EL, SRT and MSB)

The following document(s) are associated with this transaction:
**Document Description:**Mandate Letter
**Original Filename:**/opt/ACECF/live/forms/theresab_0616051_6517951_MandateForm_108.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1106763461 [Date=04/30/2008] [FileNumber=6517951-0] [2a6761dc94aed0c88200ac6d0bdb0d3d426abc954128b53b8a037fff282216aa2a56aa658f817650d0cb3f7
**Recipients:**

- USDC, San Francisco
- Young, Howard

**Notice will be mailed to:**

USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

Young, Howard
COSP - 3A CORCORAN STATE PRISON
Level 3A Facility
P.O. Box 3461
Corcoran, CA 93212-3461

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 6517951
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 5602794

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

HOWARD YOUNG,

        Plaintiff - Appellant

v.

TRANS UNION; EXPERIAN;
EQUIFAX; VISA USA,

        Defendants - Appellees

No.  06-16051
D.C. No.  CV-06-00114-MJJ

**MANDATE**

The judgment of this Court, entered 12/10/2007, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/s/

By: Theresa Benitez
Deputy Clerk



**NOT FOR PUBLICATION**

FILED

DEC 10 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD YOUNG,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>TRANS UNION; et al.,<br><br>      Defendants - Appellees. | No. 06-16051<br><br>D.C. No. CV-06-00114-MJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Submitted July 9, 2007[**]

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

Howard Young appeals pro se from the district court's judgment dismissing

his action against numerous defendants arising out of his ongoing criminal

prosecution in California state court. We review de novo a dismissal pursuant to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915. *Ramirez v. Galaza*, 334 F.3d 850, 853-54 (9th Cir. 2003). This Court may raise the issue of *Younger* abstention at any point during the appellate process. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). We vacate the district court's judgment and remand with instructions to abstain from exercising jurisdiction over the action for damages and to stay the action until the state criminal proceeding has been completed.

The district court improperly treated Young's Fair Credit Reporting Act and state and federal Right to Financial Privacy Act claims as brought under 42 U.S.C. § 1983 and then dismissed them as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Young's complaint did not purport to allege those causes of action under section 1983. *See Bogovich v. Sandoval,* 189 F.3d 999, 1001 (9th Cir. 1999) ("courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action.").

In light of the ongoing state court criminal proceedings, the district court was required under *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from exercising jurisdiction over Young's statutory claims for money damages and to stay the action until the state court proceeding was completed. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from

2

exercising jurisdiction temporarily by staying its hand until such time as the state proceeding is no longer pending.").

Accordingly, we vacate the district court's judgment and remand for the limited purpose of allowing the district court to enter an order staying Young's action for damages until the state proceeding has been completed.

Appellant shall bear the costs on appeal.

**VACATED and REMANDED.**

3

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 3 0 2008

by:
Deputy Clerk

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Mr. Howard Young
_____
Appellant/Petitioner

CASE NO.

vs.

06-16051

TransUnion et Al
_____
Appellee/Respondent

### APPELLANT'S OR PETITIONER'S INFORMAL BRIEF

1.    Jurisdiction

    a.    Timeliness of Appeal or Petition:

        (i)    Date of entry of judgment or order
            of district court:    5-25-2006

        (ii)    Date of service of any motion made after judgment
            (other than for fees and costs):    _____

        (iii)    Date of entry of order deciding motion    _____

        (iv)    Date notice of appeal or petition filed    6-2-2006

        (v)    For prisoners, date you gave notice of appeal
            to prison authorities    _____

    b.    IF POSSIBLE, PLEASE ATTACH ONE COPY OF EACH OF THE
        FOLLOWING:

           1.    The order from which you are appealing
           2.    The district court's entry of judgment
           3.    The district court docket sheet

**1614**

Photographic Image May be
Poor Due To Condition Of
Original Document.

Page 2

Case No. 06-16051

2.    What are the facts of your case? My complaint is based on violations of the Federal Fair Credit Reporting Act 15 U.S.C.A. §§ 1681 et seq, the Federal Right to Financial Privacy Act title 12 section 3401 et seq, the California Right to Financial Privacy Act-Cali. Government Code #7460 et seq, the U.S. Constitution (illegal search and seizure, speedy trial rights, Equal Protection, Due Process, and the right to an impartial jury) in Santa Clara County Court case #CC454838. We filed a complaint regarding these issues in U.S. District Court for the Northern District of California, but the complaint was dismissed. The complaint was construed as a civil rights action pursuant to 42 U.S.C. section 1983, when, in fact, the complaint was filed pursuant to the U.S.C Federal Fair Credit Reporting Act title 15 section 1681 et seq, then requesting pendent jurisdiction over all of the subsequent issues that spring forth from those violations. The complaint challenge and controverted the initial search warrants / probable cause used to disclose, obtain, and use my consumer credit reports for the impermissible purpose of a criminal investigation and prosecution in Santa Clara County Court case #CC 454838, and requested damages.

After my arrest due to information obtained from my TransUnion consumer credit report and Visa USA the following occurred:

A) On Oct. 19, 2004, I pled not guilty in Santa Clara County Court Case #CC454838, entered a 10 day time waiver, yet the case was set for preliminary examination on Jan. 5, 2005, beyond, and in violation of, the requirement of P.C. 859b.

B) On Jan. 18, 2005, I again pled not guilty, did not enter either a 10 day nor a 60 day time waiver, yet the preliminary examination was held on June 2, 2005, beyond, and in violation of, the requirements of P.C. 859b.

C) On May 16, 2005, District Attorney Thomas Flattery amended the complaint #CC-454838 adding counts 29, 30, & 31, over my objection, I again pled not guilty, yet the preliminary examination was set and held on June 2, 2005, beyond, and in violation of, the requirement of P.C. 859b, as I again did not enter either a 10 nor 60 day time waiver.

**1615**

We further assert that the TransUnion, Experian, Equifax, and Visa USA search warrants were too broad to comport with the particularity requirements of the 4th amendment, the magistrate was not neutral nor detached, the affiants did not have good faith, the warrants were insufficient on their face, and they should be suppressed.

Page 2-A

We further assert that TransUnion, Experian, and Equifax should not have disclosed my consumer credit report. And Visa should not have disclosed my financial record to Agent Alex Blum of the F.B.I. headed R.E.A.C.T. task force without legal process.

We also note that TransUnion, Experian, and Equifax did not require that the affiant certify that my consumer credit report would not be disclosed for an impermissible purpose / no other purpose.

Yet, my consumer credit report was also used to obtain my T-Mobile Wireless Account information.

Also; U.S.C.A. Title 12 - Federal Right to Financial Privacy Act 3401 et seq, section 3416 reads: " Jurisdiction

An Action to Enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs or the date of discovery of such violation, whichever is later." We assert that this also shows that U.S. District Court has jurisdiction over the issues brought in case # C-06-0114, 06-16051, and pendent jurisdiction in Santa Clara County Court case # CC454838

1616

Page 3

Case No. 06-16051

3.    What did you ask the district court to do (for example, award damages, give injunctive relief, order your release from prison, etc.)?

Award damages, Injunctive Relief, Order my Release, Stop the use of my consumer credit report, financial records, and all other information/evidence disclosed, used, or obtained in Santa Clara County Court Case # CC454838. Also, to Rule inadmissible and suppress the information/evidence obtained directly and indirectly from my consumer credit Reports, and to exercise pendent Jurisdiction over all subsequent issues.

4.    State the claim or claims you raised at the district court. Violations of the Federal Fair Credit Reporting Act U.S.CA. title 15 section 1681 et seg, the Federal Right to Financial Privacy Act title 12 section 3401 et seg, and/or the California Right to Financial Privacy Act California Government Code section 7460 et seg. We claim damages from all defendants based on violation of the aforementioned Acts.

5.    What issues are you raising on appeal? That Federal Court / U.S. District Court has Jurisdiction, that pendent jurisdiction should also be exercised by U.S. District Court over all subsequent issues that spring/sprung forth after the disclosure, obtaining, and use of my consumer credit reports and my financial records, and that the Court should hear and rule on all issues that occurred directly and/or indirectly from the obtaining, disclosure, and/or use of my consumer credit reports and financial records, particularly in Santa Clara County Court Case # CC454838, including, but not limited to, all issues previously Raised in case# C-06-0114 and all subsequent issues in Santa Clara County Court Case # CC454838

1617

Page 4

Case No. 06-16051

6.    Did you present all these issues to the district court?

___YES___   If not, why?
Yes/No

7.    What law supports these issues on appeal?   (You may, but need not, refer to cases and statutes.)

The U.S. Constitution

U.S.C.A. title 15 The Federal Fair Credit Reporting Act section 1681 et seq

U.S.C.A. title 12 - The Federal Right to Financial Privacy Act section 3401 et seq

The California Right to Financial Privacy Act 7460 et seq

California Penal Code 859b

Allen v. Calvo (1993) 832 F.SUPP. 301, Reads:

" Neither a criminal investigation nor a state grand jury subpoena constitute a permissible purpose to furnish a consumer report under § 1681b."

U.S.C.A. title 15 - Federal Fair Credit Reporting Act Section 1681p, Reads;

" § 1681p - Jurisdiction of courts; limitation of Actions

An Action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without Regard to the amount in controversy, or in any other court of competent jurisdiction not later than the earlier of - (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability;.........

1618

Page 5

Case No. _06 - 16051_

8.    Do you have any other cases pending in this court? If so, give the name and docket number of each case.   NO

9.    Have you filed any previous cases which have been decided by this court? If so, give the name and docket number of each case.   NO

10.    For prisoners, did you exhaust all administrative remedies for each claim prior to filling your complaint in the district court? The case was filed in U.S. District Court whom has Jurisdiction, we then request the district court to exercise pendent Jurisdiction over all subsequent issues, particularly in Santa Clara County Court Case # CC454838

_6-20-06_                              _____
DATE                                    SIGNATURE

_885 N. San Pedro. Ste. San Jose, CA. 9511_
ADDRESS

Alternate mailing address:
Mr. Howard Young
c/o Mrs. Kandice Young  **1619**
242 Westville str.
Dorchester, Massachusetts 02122

**FILED**

MAY 25 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD YOUNG,

      Plaintiff,

   v.

TRANS UNION, et al.,

      Defendants.

No. C 06-0114 MJJ (PR)

**ORDER OF DISMISSAL**

**(Docket Nos. 6, 11, 12, 13, 15, 16)**

     Plaintiff, an inmate at the Santa Clara County Jail, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants -- prosecutors, public defenders, police officers, federal investigators, state court employees, federal credit companies, and other government officials -- are violating his constitutional rights in the course of his current prosecution on state criminal charges in Santa Clara County Superior Court.[1] He seeks money damages, and, in a separate motion, injunctive relief.

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See

---

[1]In this order, the Court refers to the allegations in both the amended and original complaint.

1   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2   In order to recover damages for harm caused by actions whose unlawfulness would

3   render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must

4   prove that the conviction or sentence has been reversed on direct appeal, expunged by

5   executive order, declared invalid by a state tribunal authorized to make such determination,

6   or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v.

7   Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages based upon a conviction

8   or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487.

9   Heck also bars claims, such as those raised here, which necessarily implicate the validity of

10  pending criminal charges. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000). A

11  civil claim which necessarily implicates the validity of pending criminal charges does not

12  accrue until after one has succeeded in the criminal realm. See id. (citing Heck). Plaintiff

13  claims that defendants are violating his federal rights in their prosecution of him; if proven

14  true, these claims would call into question the validity of his pending charges in state court.

15  Accordingly, this action is barred until plaintiff's state court charges have been reversed,

16  expunged, set aside or otherwise called into question.

17  With respect to the request for injunctive relief, under principles of comity and

18  federalism, a federal court should not interfere with ongoing state criminal proceedings by

19  granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v.

20  Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state

21  proceedings, judicial in nature, are pending; (2) the state proceedings involve important state

22  interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

23  issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432

24  (1982). The state proceedings must be pending, not merely available, and plaintiffs must be

25  seeking relief that would interfere in some manner with the state court litigation. See Green

26  v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001). The rationale of Younger applies

27  throughout appellate proceedings, requiring that state appellate review of a state court

28  judgment be exhausted before federal court intervention is permitted, see Huffman v.

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1   Pursue, Ltd., 420 U.S. 592, 607-11 (1975). As plaintiff seeks injunctive relief in his

2   ongoing state criminal prosecution and appeal, abstention in appropriate under Younger.

3   Accordingly, the motions for a TRO or a preliminary injunction is DENIED.

4          For the foregoing reasons, this action is hereby DISMISSED without prejudice. In

5   light of this dismissal, the motion for summary judgment, for appointment of counsel, for

6   discovery, and to proceed in forma pauperis are DENIED, and no filing fee is due.

7          This order terminates docket numbers 6, 11, 12, 13, 15, 16.

8          IT IS SO ORDERED.

9   DATED: 5/25/2006

                                            MARTIN J. JENKINS
10                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

MAY 2 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD YOUNG,                                No. CV 06-00114 MJJ

        Plaintiff,                         **JUDGMENT IN A CIVIL CASE**

   v.

TRANS UNION,

        Defendant.

    ( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

    (X) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS SO ORDERED AND ADJUDGED**

    This matter is **dismissed.**

Dated: 5/25/2006

Richard W. Wieking, Clerk

By:
Monica Tutson, Deputy Clerk

Photographic Image May be
Poor Due To Condition Of
Original Document.

FILED
JAN 1 9 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court (Northern District of California)

HOWARD YOUNG, Plaintiff, Petitioner    CV 06 - 0114

CASE No.    MJJ (P

v.

Defendants, Respondents

TRANS UNION, EXPERIAN, EQUIFAX, VISA USA, State of California Attorney General's Office (Bud Frank), F.B.I. IREACT (Alex Bouja, Art Martinez), Las Vegas Metropolitan Police Department (Robert Hagberg), Santa Clara County, Santa Clara County Court (Charles Hayden, Ron Del Pozzo, Randolf Rice, Judge Lee, Judge Tichl), Santa Clara County District Attorney's Office (James Sible, Thomas Flattery), Santa Clara County Public Defender's Office (Craig Kennedy, Ross McMahon, Michael Floyd, Brian Matthews), Palo Alto Police Department (Dave Fish), Menlo Park Police Department (Alex Bouja), San Mateo District Attorney's Off and the Alameda County District Attorney's Office, the addresses of which including, but not limited to: Santa Clara County Court, 70 West Hedding ste, San Jose, C

Santa Clara County, District Attorney's Office, 70 West Hedding ste, San Jose, CP 95110

Santa Clara County Public Defender's Office, 120 West Mission ste, San Jose, C, 95110

Experian, P.O. Box 1240, Allen, Texas 75013

Trans Union, 555 West Adams ste, Chicago, Ill. 60661

Equifax, 1600 Peachtree ste, Atlanta, GA. 30309

Visa USA, 901 Metro Center Blvd, Foster City, CA. 94404

F.B.I. IREACT, 900 Veterans Blvd suite 530, Redwood City, CA. 94063

Menlo Park Police Department, 701 Laurel ste, Menlo Park, CA. 94025

Palo Alto Police Department, 275 Forest Ave, Palo Alto, CA. 94301

Alameda County District Attorney's Office, 661 Washington ste, Oakland, CA. 94607

San Mateo District Attorney's Office, Additional Defendants will be added based on those charges and/or investigations based on information directly and/or indirectly obtained and/or used from the Plaintiff's consumer credit report/file

1289

Photographic Image May Be
Poor Due To Condition Of
Original Document.

EXHIBIT KEY CODE

EXHIBIT A - Palo Alto Investigation (Corroboration Report - Eamonds, REPACT, & Drivers L

EXHIBIT B - Santa Clara Court Complaint (Amended 5-16-05) Mercury News Article

EXHIBIT C - Experian Affidavit, search warrant, and consumer report

EXHIBIT D - Equifax Affidavit, search warrant, and consumer report

EXHIBIT E - TransUnion Affidavit, search warrant, and consumer report

EXHIBIT #1 - EBAY/PAYPAL Affidavit, search warrant, and account records

EXHIBIT #2 - Visa USA Affidavits, search warrant, and financial records

EXHIBIT #3 - Hertz Affidavit, search warrant, and Account records

EXHIBIT #4 - Avis Affidavit, search warrant, and Account records (shortened)

EXHIBIT #5 - ARC Affidavit, search warrant, and Account Records (NO response)

EXHIBIT #6 - T Mobile Wireless Affidavit, search warrant, and account records (slow

EXHIBIT #7 - San Francisco International Airport Affidavit, search warrant, and inventory w

EXHIBIT #8 - Public Storage Affidavit, inventory photos

EXHIBIT #9 - Las Vegas Affidavit, search warrant, inventory with photos, and Report

EXHIBIT #10 - Subpoenas for Avis, Hertz, Bank of America, American Express, Chase, and oth

EXHIBIT #11 - Motions to Quash subpoenas, suppress, Compel Discovery, and Court minute orde

to be mailed / | EXHIBIT #12 - Preliminary Transcript with exhibits, and motion to set aside (the complaint amended; later, and/or | otherwise to Exhibit ... | letter to and from c ... Oct 14, 2004 transcript | separately | EXHIBIT #13 - Postal Police Reports with Cleveland Berkeye Photo | a Box + copy photo | out day mailed

EXHIBIT #14 - Reinstated Corrections Position Certificate (R.C.P.)

EXHIBIT #15 - Jail and Hospital records, including plaintiff's wife's (to be sent
(CRPP & FCRA) | later, Along with additional discovery) Plaintiff damages (itemized list)

EXHIBIT #16 - (to be added later) Plaintiff's medical and jail records, wife's medical

EXHIBIT #17 (to be added later) Additional Discovery from District Attorneys/Court

EXHIBIT #18 (to be added later) "    " Police Department/Fed

EXHIBIT #19 (to be added later) "    " Plaintiff/Attorney

General - Phone Number (swapping Article #1,2,000 00), article unconstitutional phone search, T.B, M.R.
Boot camp Article, Affirmative & Conservant

1290

EXHIBIT

B

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY JUDICIAL DISTRICT

PALO ALTO FACILITY

SEARCH WARRANT

THE PEOPLE OF THE STATE OF CALIFORNIA

To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of

Santa Clara:

Proof by affidavit, having been made before me this day by David Flohr, that the

property described below is lawfully seizable pursuant to Penal Code Section 1524, as

indicated below, in that it:

☐ was stolen or embezzled;

☐ was used as the means of committing a felony;

☐ is possessed by a person with the intent to use same as a means of

committing a public offense, or in the possession of another to whom

he/she may have delivered same for the purpose of concealing or

preventing its discovery;

☒ constitutes evidence tending to show that a felony has been committed or

that a particular person has committed a felony; and that there is probable

cause to believe that the described property is now located at, and will be

found at, the location(s) set forth below:

YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of

the premises located at:

TransUnion, Attn.: Custodian of Records, 555 West Adams Street, Chicago, IL

60661

596

PAPD Case Number
5 0 01-272-0058

FOR THE FOLLOWING PROPERTY / RECORDS

**Credit report for:**
**Young, Howard Allen**    DOB: 01-04-63    SS#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

TransUnion is not to disclose the existence of this order without prior approval of the court.

Pursuant to California Government Code Section 7475, the institution described above in "location" is hereby ordered to comply with the request(s) for records contained in this search warrant within 15 days of service of this search warrant.

In the event the above-described records are not located in the location(s) served with this search warrant, pursuant to this search and seizure order and California Penal Code 1530 the manager is hereby ordered to produce those records at the location served with this search warrant within 10 days of service of this warrant.

If additional time is needed to comply, the INSTITUTION DESCRIBED is ordered to follow the requirements of Government Code Section 7475 and to timely serve the District Attorney's Office with a copy of any motion requesting an extension of time at least 48 hours in advance of the hearing on the motion.

**597**

2

1    AND, if you find the same or any part thereof, to hold such property in your possession

2    under California Penal Code Section 1536.

3

4    Subscribed and sworn to me
     this 4ᵗʰ day of May, 2004.

5

6    _____

7    JUDGE OF THE SUPERIOR COURT

8    COUNTY OF SANTA CLARA

9              CHARLES W. HAYDEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

                                        3                        **598**

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY JUDICIAL DISTRICT

PALO ALTO FACILITY

SEARCH WARRANT

THE PEOPLE OF THE STATE OF CALIFORNIA

To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of

Santa Clara:

Proof by affidavit, having been made before me this day by David Flohr, that the

property described below is lawfully seizable pursuant to Penal Code Section 1524, as

indicated below, in that it:

☐ was stolen or embezzled;

☐ was used as the means of committing a felony;

☐ is possessed by a person with the intent to use same as a means of

committing a public offense, or in the possession of another to whom

he/she may have delivered same for the purpose of concealing or

preventing its discovery;

☒ constitutes evidence tending to show that a felony has been committed or

that a particular person has committed a felony; and that there is probable

cause to believe that the described property is now located at, and will be

found at, the location(s) set forth below:

YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of

the premises located at:

Experian, Attn.: Custodian of Records, ████████████████████

PAPD Case Number
01-272-0058
619

FOR THE FOLLOWING PROPERTY / RECORDS

Credit report for:
Young, Howard Allen        DOB: 01-04-63        SS#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

Experian is not to disclose the existence of this order without prior approval of the court.

Pursuant to California Government Code Section 7475, the institution described above in "location" is hereby ordered to comply with the request(s) for records contained in this search warrant within 15 days of service of this search warrant.

In the event the above-described records are not located in the location(s) served with this search warrant, pursuant to this search and seizure order and California Penal Code 1530 the manager is hereby ordered to produce those records at the location served with this search warrant within 10 days of service of this warrant.

If additional time is needed to comply, the INSTITUTION DESCRIBED is ordered to follow the requirements of Government Code Section 7475 and to timely serve the District Attorney's Office with a copy of any motion requesting an extension of time at least 48 hours in advance of the hearing on the motion.

620

AND, if you find the same or any part thereof, to hold such property in your possession under California Penal Code Section 1536.

Subscribed and sworn to me
this 4ᵗʰ day of May, 2004.

_____
JUDGE OF THE SUPERIOR COURT

COUNTY OF SANTA CLARA

CHARLES W. HAYDEN

3

621

IN THE SUPERIOR COURT
FOR THE SANTA CLARA COUNTY JUDICIAL DISTRICT,
COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

STATE OF CALIFORNIA          )          **RETURN AND INVENTORY ON**
                             )    ss.   **SEARCH WARRANT**
COUNTY OF SANTA CLARA        )

    I, Detective David Flohr, make this return to the within seizure order, on this 2nd day of June, 2004. I received said order, and under its authority I seized the below listed property on May 25th, 2004.

**ADDRESS WHERE SEIZED:** The documents were received from Experian from a search warrant served at P.O.Box 1240, Allen, TX 75013. The search warrant was dated the 4th day of May, 2004, and was executed by Judge Charles Hayden, Judge of the Superior Court, County of Santa Clara, State of California.

**INVENTORY:** See Exhibit "A", Palo Alto Police Property Sheet attached hereto and incorporated by reference.

    I, Detective David Flohr, by whom this warrant was executed, do swear that the inventory set forth in Exhibit "A" contains a true and detailed account of all the property received by me pursuant to the warrant and order. The property seized will be held under California Penal Code Section 1536 and disposed of according to law, or the property will be held and processed in accordance with the forfeiture procedures set forth in California Penal Code 186.3 *et seq.* or Title 21, United States Code Section 881, *et seq.*

Subscribed and sworn before me
this 2nd day of June, 2004



                          Detective David Flohr, PAPD

_____

Judge of the Superior Court, County of Santa Clara,
State of California

622

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY JUDICIAL DISTRICT

PALO ALTO FACILITY

SEARCH WARRANT

THE PEOPLE OF THE STATE OF CALIFORNIA

To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of Santa Clara:

Proof by affidavit, having been made before me this day by David Flohr, that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, in that it:

☐ was stolen or embezzled;

☐ was used as the means of committing a felony;

☐ is possessed by a person with the intent to use same as a means of committing a public offense, or in the possession of another to whom he/she may have delivered same for the purpose of concealing or preventing its discovery;

☒ constitutes evidence tending to show that a felony has been committed or that a particular person has committed a felony; and that there is probable cause to believe that the described property is now located at, and will be found at, the location(s) set forth below:

YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of the premises located at:

Equifax, Attn: Custodian of Records, 1600 Peachtree Street, Atlanta, GA 30309

PAPD Case Number
01-272-0058

603



EXHIBIT

C



SANTA CLARA COUNTY
DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

R.C.P

CERTIFICATE OF

ACHIEVEMENT    R.C.P

THIS CERTIFICATE IS AWARDED TO

Howard Young
December 7, 2004

THIS CERTIFICATE IS IN RECOGNITION OF COMPLETING PHASE 1 OF THE REGIMENTED
CORRECTIONS PROGRAM (R.C.P.) AT THE ELMWOOD CORRECTIONAL FACILITY.

R.C.P OFFICER

R.C.P. CASE MANAGER

R.C.P. OFFICER

888

# REGIMENTED CORRECTIONS PROGRAM

The Regimented Corrections Program (R.C.P.) is a coordinated effort between the Courts, Department of Correction, Probation Department, Milpitas Adult Education, Friends Outside and other Service Providers, collaborating to assist County Jail Inmates to effect a successful re-entry into the community.

The goal of the R.C.P. Project is to utilize a combination of in-custody programs with post release programs in a comprehensive approach to more successful, law abiding, productive lifestyles.

R.C.P. Phase 1 is an eight week intensive educational in-custody program which is highly structured and designed to facilitate change through positive intervention. The curriculum is focused on the students gaining information regarding the underlying dynamics that may have contributed to their repeated incarcerations. They learn new methods of thinking and behavior that can empower them to take charge of their lives and effect change through commitment, determination, discipline, and realistic goal setting. They learn how to develop a support system for themselves in the community for on-going success and encouragement from others who are committed to a new lifestyle.

688

# 2002-2003 SANTA CLARA COUNTY CIVIL GRAND JURY

## INSPECTION REPORT
## SANTA CLARA COUNTY ELMWOOD CORRECTIONAL CENTER COMPLEX

## Summary

Members of the Grand Jury conducted an inspection of the Elmwood Correctional Center Complex on August 12, 2002. This inspection is one part in a series of the Grand Jury's periodic reviews of the many government agencies and facilities that serve the citizens of Santa Clara County.

## Department Of Correction Mission Statement

The mission of the Department of Correction is to serve and protect the citizens of Santa Clara County and the State of California, by detaining the people under its supervision in a safe and secure environment, while providing for their humane care, custody and control.

The Department will maximize opportunities for offenders to participate in programs that reduce criminal behavior and enhance the offenders' reintegration into the community.

This objective will be accomplished in a cost-effective manner in the least restrictive setting, without compromising public safety.

## Department of Correction Organization

The Elmwood Correctional Center Complex is organized under the Santa Clara County Department of Correction (DOC). The Chief of Correction, James Babcock, oversees the total operation of the jail system in the county, which is the fifth largest jail system in California, and the fourteenth largest in the United States. The Elmwood Complex is rated as a medium and minimum security facility. The DOC system includes the following:

| Facility | Approximate Capacity |
|---|---|
| ◆ Elmwood Correctional Complex – Milpitas | 2,600 male inmates |
| ◆ Correctional Center for Women - Milpitas | 500 female inmates |

1

| | | |
|---|---|---|
| ♦ | Main Jail South - San Jose | 500 male inmates |
| ♦ | Main Jail North - San Jose | 740 male inmates |
| ♦ | North County Jail - Palo Alto | Day Operations Only |
| ♦ | Brokaw Road Day Reporting Center - San Jose | 120 inmates |

The Grand Jury inspected the Elmwood Correctional Center Complex, which is located off Highway 880 in Milpitas. The facility commander is Captain Sandra Padget, who supervises a total staff of 476 badged personnel and 41 non-badged personnel.

## Department of Correction Statistics

Data shown is for calendar year 2002. This information was taken from the department's FAQs sheet (Frequently Asked Questions) for the summer of 2002 and is for the entire DOC:

| | | | |
|---|---|---|---|
| ♦ | Population: | Annual Bookings: | 65,000 |
| | | Total Daily Holdings: | 3,840 |
| | | Avg. Length of Stay in Days: | 95 |
| ♦ | Inmates: | | |
| | | Main Jail: | 1,335 |
| | | Elmwood: | 2,367 |
| | | Women's Center: | 459 |
| ♦ | Other Custody Programs: | | |
| | | Electronic Monitoring: | 110 |
| | | Public Service: | 64 |
| | | Regimented Corrections: | 156 |
| | | Weekend Work: | 917 |
| | | Work Furlough: | 186 |
| ♦ | Other Data (per year): | | |
| | | Budget: | $121.0 million |
| | | Revenue: | $  8.5 million |
| | | Staff: | 1,125 |
| | | Med/Dental Appointments: | 50,000 |
| | | Meals Served: | 5,300,000 |

## Grand Jury Review

Members of the Grand Jury spent about six hours inspecting the Elmwood Complex. The day began with a meeting with the chief administrative staff, during which department managers gave the Grand Jury an overview of their particular operation. Time was spent explaining the various programs the DOC offers to its inmates. These cover a wide array of

subjects, from Positive Parenting, Anger Management and Twelve-Step Programs, classroom educational and literacy courses, to craft shops such as metal working and carpentry. We observed several of these programs while on the inspection, having a chance to meet with staff members supervising the programs and the inmates participating in the programs. The inspection included the dormitory areas for male and female inmates. As we moved from place to place, we noticed there was a sufficient number of guards to accomplish a given task, without creating an overwhelming presence. At least in our presence, guards and inmates appeared to respect each other, with the guards addressing the inmates firmly but politely. A number of the Grand Jury members on this inspection spoke to inmates out of earshot of the staff. Inmates claimed they were generally well treated by the guards—no one complained of harsh treatment. There were a few complaints about the food, especially lunches. Inmates do not like the cold box lunches and plain sandwiches which constitute daily fare.

The dormitories were somewhat crowded, lacked any privacy, were clean though very plain. Inmates are responsible for cleaning their living areas, and we saw many inmates engaged in these tasks. The bathroom facilities offered only the bare minimum of privacy. We noticed in some of the dormitories that bunk beds were improperly assembled, leading to minor injuries from protruding metal parts to inmates on the top bunk. In one dormitory, two of five showers were not working, creating a minor hardship for the some 20-30 inmates housed in that area. Facility staff commented that sometimes the inmates will deliberately damage the plumbing.

The kitchen facility is a large-scale operation. The Elmwood kitchen provides all the meals for the entire Department of Correction inmates, over 5000 meals per day. This is accomplished by use of highly mechanized preparation and cooking equipment. The kitchen staff has developed ways to process meals on a very large scale, using freezers, warm up trucks and the like to transport the food throughout the jail system. We inspected breakfast trays and box lunches. While the food is plain, it is varied and well balanced. There appeared to be plenty of food served to the inmates. An exceptional service is the kitchen's ability to meet the dietary needs of every inmate, including medical and religious diets of every kind. The system of dispensing these special diets during the meal time when hundreds of inmates are served at a time is impressive. The kitchen was spotless, and the basic foodstuffs of good quality. A number of tasks in the kitchen and warehouse are performed by inmates on the *trusty system*.

We were informed by senior staff that a potentially serious problem related to security involves delivery trucks bringing supplies to the complex. At present there is no secure place for trucks to be inspected

3

before entering or leaving the complex. This poses the possibility of contraband being brought into the facility, or perhaps inmates leaving suspended under the delivery truck. While guards are cognizant of this problem and are careful around delivery trucks, such procedures as using mirrors and routine inspections would help improve this situation.

Two programs were of particular interest. One was the garden that the inmates have developed, growing both flowers and a variety of vegetables. This appears to give a number of inmates something positive to do each day, as well as prepare them for potential outside employment. The second, a most impressive program to see in action, was the RCP— Regimented Corrections Program. This is a voluntary program in which inmates subject themselves to a mini boot camp experience in Phase I. Participants are given special orange uniforms and army type boots, and they are required to keep them military clean, pressed and polished. In Phase II, inmates are released to their homes or work furlough programs, where they take supervised courses in behavior and addiction management, trade skills and job readiness. A number of inmates participate in psychological assessments and group therapy sessions. We spoke to both male and female participants (the sexes are kept strictly separate) and found them to be enthusiastic about the program. This part of the inspection was not scheduled but took place at the request of several of the Grand Jury members who asked to speak with the inmates. Inmates informed us that the program is making a big difference in their attitudes and lives. Several thought that, as a result, they would never return to Elmwood or any other jail. Surprisingly, perhaps, inmates not participating in the RCP laugh at those who do, poke fun and, if given an opportunity, engage in fights. For this reason, RCP inmates are housed separately from the general population.

# Conclusion and Observations

## Conclusion

Recognizing that this inspection reviewed only the highlights of the Elmwood Complex and its programs, the Grand Jury members have concluded that Elmwood is currently a well run, orderly facility. Inmates are treated humanely, with ample programs provided to take care of ordinary physical, mental and health care needs. Opportunities are afforded inmates to improve themselves and thereby reduce the chances that they will return to Elmwood in the future. Facility maintenance is at an acceptable level, with the caution that better attention might be paid to minor items such as bunk bed repair and plumbing fixtures.

4

## Observation 1

The Grand Jury was most impressed with the Regimented Corrections Program (RCP), and sees this program as a great hope for restoring inmates to productive lives once they leave the jail. The Department of Correction is encouraged to continue to develop this program, expanding its capacity and initiating educational programs to convince as many inmates as possible of the advantages of participating in RCP.

## Observation 2

Even though the escape record at the Elmwood Complex is acceptable, the matter of security related to delivery trucks causes some concern. The Grand Jury believes facility staff have the capabilities and means to improve this situation and suggests that steps be taken immediately to do so.

## Observation 3

The matter of proper assembly of some of the top bunks is a minor maintenance issue. When improperly assembled, the top bunk projects metal fittings into the area used by the inmate to access the top bunk. This can lead to cuts. One such situation was observed. The Grand Jury suggests that facility maintenance staff inspect the top bunks to determine if repairs are necessary.

**PASSED** and **ADOPTED** by the Santa Clara County Civil Grand Jury on this 6th day of February, 2003.

---

Fred de Funiak
Foreperson

---

Ron R. Layman
Foreperson Pro Tem

---

Patricia L. Cunningham
Secretary

Boot Camps

Since the mid-1980s many jurisdictions have implemented highly regimented, short-term correctional programs resembling some aspects of military basic training. These programs, known as boot camps or shock incarceration, serve as an alternative to long-term traditional incarceration. Typically, boot camps target younger offenders who resist authority and refuse to listen or learn in traditional classroom or treatment environments. At boot camps, offenders are subjected to strict discipline, physical training, and hard labor. Most boot camps exclude offenders with violent crime convictions or who have previously been incarcerated. Offenders typically volunteer to participate in boot camps to avoid other types of incarceration. The usual length of incarceration in boot camps ranges from three to six months.

**Microsoft ® Encarta ® 2007. © 1993-2006 Microsoft Corporation. All rights reserved.**

# Certificate of Success

This certifies that

**Howard Young**

has successfully completed the RCP

Productive Parenting Class

on

**December 1, 2004**

*Janet White, MSW*     12·1·04

Janet White, MSW       Date
Instructor

879



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

CERTIFICATE OF APPRECIATION

R.C.P.

Big Brother

Donald Badin

R.C.P.

November 29, 2004

This certificate is issued for successfully mentoring your
Little Brother William Campbell
through the first Four Weeks of the
Regimented Corrections Program (R.C.P.) at the
Elmwood Men's Correctional Facility

R.C.P. OFFICER L. POINTER #2274

R.C.P. OFFICER LOPEZ #1710

877



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

# FORMAL INSPECTION

### CERTIFICATE OF
### RECOGNITION

## *Howard Young*

### DECEMBER 20, 2004

*certificate is in Recognition of Excellence during a Formal Class
Uniform and Boot Inspection Held while attending the
Regimented Corrections Program (R.C.P)
at the Correctional Center for Men.*

**...KER L. POINTER #2274**          **R.C.P. OFFICER LOPEZ #17**

878



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM
R.C.P.

DEMOLITION SQUAD

NOVEMBER MARCH OFF

DENNIS

CERTIFICATE OF ACHIEVEMENT

November 28, 2004

R.C.P.

This certificate is in Recognition of Dedication and Excellence in Marching and Winning while participating in the November March Off while Attending the Regimented Corrections Program (R.C.P.) at the Correctional Center for Men.

R.C.P. OFFICER POINTER #2271

R.C.P. OFFICER LOPEZ #1710

876



R.C.P.

**CERTIFICATE OF**

**"Affirmation"**

"THIS CERTIFICATE IS AWARDED TO"

November 27, 2004

R.C.P.

R.C.P.

This certificate is for The Affirmation Recieved by showing fellow Cadets the true meaning of a Motivated Cadet. By taking the time to participate in the classes and verbally expressing yourself in a Positive way at House Meetings you have shown other cadets what it means to be dedicated to their recovery. Your being given an AFFIRMATION is also their way to demonstrate the positive influence you have in the house. "By giving you have received." You have shown yet another way a R.C.P. Cadet is Strong and Disciplined. You have made us all proud. Your Leadership Skills and sharing has helped a great deal and you are a Role Model to all in Phase I of the Regimented Corrections Program (R.C.P.) at the Elmwood Correctional Facility

875



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

CERTIFICATE OF APPRECIATION

R.C.P. *Big Brother* R.C.P.

Damien Dodd

November 16, 2004

This certificate is given in recognition for mentoring your little brother Carlos Lopez
through the first Four Weeks of the
Regimented Corrections Program (R.C.P.) at the
Elmwood Men's Correctional Facility

R.C.P. OFFICER L. POINTER #2274

R.C.P. OFFICER LOPEZ #1710

874



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

R.C.P. FORMAL INSPECTION R.C.P.

CERTIFICATE OF RECOGNITION

Howard Young

NOVEMBER 15, 2004

This certificate is in Recognition for Excellence during the Formal Class "A" Uniform and Boot Inspection Held while attending the Regimented Corrections Program (R.C.P) at the Correctional Center for Men.

R.C.P. OFFICER Z POINTER #2274

R.C.P. OFFICER LOPEZ #1710

873



R.C.P.

R.C.P.

SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

BODY SHOP

CERTIFICATE OF RECOGNITION

Howard Dome

October 30, 2004

This certificate is in Recognition of Perfection and Excellence in Marching while participating in the September March –Off while Attending the Regimented Corrections Program (R.C.P.) at the Correctional Center for Men.

R.C.P. OFFICER L. POINTER #2274

R.C.P. OFFICER LOPEZ #1710

872



R.C.P. FORMAL INSPECTION R.C.P.

This certificate is in Recognition of a Formal
Inspection Held while attending the
Correctional Center for Men.

R.C. OFFICER V. POINER #1274

R.C.P. OFFICER LOPEZ #611

871



SANTA CLARA COUNTY DEPARTMENT OF CORRECTION
REGIMENTED CORRECTIONS PROGRAM

CERTIFICATE OF APPRECIATION

R.C.P.
"LITTLE BROTHER"   R.C.P.

*Howard Young*

October 3, 2004

*This certificate is in Appreciation for being Mentored by your Big Brother Clarence Neal through the First Four Weeks in Phase I of the Regimented Correctional Program (R.C.P.) at the Elmwood Correctional Facility*

R.C.P. OFFICER L. POINTER #2274

R.C.P. OFFICER LOPEZ #710

870



Certificate of Completion

Howard Young
is awarded this certificate
for completing

Review of Written Holls

Instructor

Milpitas Adult Education

Date  12/1/04

881

# Certificate of Attendance

This certifies that

## Howard Young

has attended at least eight classes of

### Health Realization

"Thought is not reality; yet it is through Thought that our realities are created." —Syd Banks

Pamela J. Whisnant
Instructor

13 December 2004
Date

880





886

Musical Prelude.

Processional.

Flag Salute.

Greetings and Introduction of teachers.

Guest speaker.

Graduates.

Graduates.

Amezquita

Ramsey, Gary

Stout, Jason

Suarez, Arthur

Young, Howard

Most Improved Essay.

Essay of the week.

Special.

Recognition.

Recessional.

Diploma

887





885



Certificate of Completion

is awarded this certificate
for completing

Howard Young

GEO Testing

Instructor

Milpitas Adult Education

Date 11/15/04

884

EXHIBIT

D

THE BAR ASSOCIATION OF
SAN FRANCISCO
VOLUNTEER LEGAL SERVICES PROGRAM

*vlsp* Changing Lives

VLSP BOARD OF DIRECTORS
Nanci Clarence
   Chair
James Donato
   Vice Chair
Russell Roeca
   Treasurer
Arturo J. González
   Secretary
Christopher F. Emley
Julia Coleman-Hudson
Teresa Richards
Lisa Owens

VLSP ADVISORY BOARD
Christopher F. Emley
   Chair
Jack W. Londen
   Vice-Chair
Tania Alvarez
Sarah Davis
Hon. David A Garcia
Hon. Isabella H.Grant
Jonathan V. Holtzman
Julia Coleman Hudson
Michelene Insalaco
Hon. Maria-Elena James
Patricia D. Lee
Thomas Pulliam
Teresa Richards

STAFF
Tiela Chalmers, Esq.
   Executive Director
Teresa Friend
   Deputy Director
   Managing Attorney, HAP
Krista Denton
   Managing Attorney, Programs
Mairi McKeever
   Managing Attorney, Operations
Julie Rosenthal, MSW
   Director of Social Services
Katie Danielson
   Senior Supervising Attorney, HAP
Haydée I. Alfonso
   Supervising Attorney, CORP
Carolyn Gold
   Supervising Attorney
Ramona Q. Holguin
   Supervising Attorney, HAP
Ted Janowsky
   Supervising Attorney, HAP
Megan Low
   Volunteer Services Manager
Pierre Stroud
   Community Programs Manager
Kristie Whitehorse, J.D.
   Buchalter Fellow
   Program Coordinator, Family Law
Michael Zaugg
   Staff Attorney, HAP

September 25, 2007

Mr. Howard Young
F-44590
P.O. Box 8800
Corcoran, Ca. 93212-8800

Dear Howard,

We have received your request for pro bono counsel. We need a little bit more information from you to see whether or not we can assist you in this matter. If your case remains in the appeals court, unfortunately we won't be able to assist you. However you can contact Bay Area Legal Aid, who may be able to provide counsel for you. Their toll free phone number is (800) 551-5554; and their direct line is (415) 354-6360.

If however your case was remanded back to the district court, we may be able to take the case through our Federal Pro Bono Project. In this instance, Judge Jenkins would need to order that your case be sent to our offices, in which case we can start looking to place your matter with a pro bono attorney. You would need to request this from him.

I have enclosed my card. Please don't hesitate to contact us with any more questions. If we are unable to assist you, we hope you are able to get your matter resolved.

Best wishes,

Porcia Thurston
Equal Justice Works AmeriCorps Member
Volunteer Legal Services Program

□ VOLUNTEER LEGAL SERVICES PROGRAM
tel 415.982.1600 fax 415.477.2390
301 Battery Street, 3rd Floor San Francisco, CA 94111
www.sfbar.org/vlsp

HOMELESS ADVOCACY PROJECT □
tel 415.575.3130   fax .415.575.3132
1360 Mission Street, Suite 201 San Francisco, CA 94103
www.sfbar.org/vlsp



THE BAR ASSOCIATION OF
SAN FRANCISCO
VOLUNTEER LEGAL SERVICES PROGRAM

*vlsp* Changing Lives

**VLSP BOARD OF DIRECTORS**
Nanci Clarence
  Chair
James Donato
  Vice Chair
Russell Roeca
  Treasurer
Arturo J. González
  Secretary
Christopher F. Emley
Julia Coleman-Hudson
Teresa Richards
Lisa Owens

**VLSP ADVISORY BOARD**
Christopher F. Emley
  Chair
Jack W. Londen
  Vice-Chair
Tania Alvarez
Sarah Davis
Hon. David A Garcia
Hon. Isabella H.Grant
Jonathan V. Holtzman
Julia Coleman Hudson
Michelene Insalaco
Hon. Maria-Elena James
Patricio D. Lee
Thomas Pulliam
Teresa Richards

**STAFF**
Tiela Chalmers, Esq.
  Executive Director
Teresa Friend
  Deputy Director
  Managing Attorney, HAP
Krista Denton
  Managing Attorney, Programs
Mairi McKeever
  Managing Attorney, Operations
Julie Rosenthal, MSW
  Director of Social Services
Katie Danielson
  Senior Supervising Attorney, HAP
Haydée I. Alfonso
  Supervising Attorney, CORP
Carolyn Gold
  Supervising Attorney
Ramona Q. Holguin
  Supervising Attorney, HAP
Ted Janowsky
  Supervising Attorney, HAP
Megan Low
  Volunteer Services Manager
Pierre Stroud
  Community Programs Manager
Kristie Whitehorse, J.D.
  Buchalter Fellow
  Program Coordinator, Family Law
Michael Zaugg
  Staff Attorney, HAP

October 15, 2007

Mr. Howard Young
F-44590
P.O. Box 8800
Corcoran, Ca. 93212-8800

Dear Howard,

I believe you when you say you have a good case! What you would need to do in order to get a pro bono referral for your case is to write a letter to Judge Jenkins. It should be a simple letter telling him you are seeking pro bono assistance for your case, and that you would like him to refer it to pro bono counsel or organization if possible. Of course, he may refer it to us through our federal pro bono project, but there are also many other organizations that provide pro bono assistance to pro se litigants, so it's best to not only request assistance from our project, but pro bono assistance in general so that Judge Jenkins can make the appropriate referral if he decides to do so. You should address the letter like this: Honorable Judge Jenkins, U.S. District Court, 450 Golden Gate Ave., San Francisco, Ca. 94102. I hope that helps!

EJW/AmeriCorps is a national community service organization that funds attorneys like myself, who are interested in public interest work such as prisoners rights, civil rights, poverty law, etc.. They also fund college level students interested in community service such as assisting Hurricane Katrina victims, etc. I am a recent graduate of law school and am awaiting bar results so I am not yet licensed. I cannot give legal advice yet. Hopefully I will be licensed soon!

I wish you the best of luck on your case. Hopefully it will be referred to our organization. If not, I hope Judge Jenkins will find an organization that will take it.

Best wishes,

Porcia Thurston
Equal Justice Works AmeriCorps Member
Volunteer Legal Services Program

□ **VOLUNTEER LEGAL SERVICES PROGRAM**
tel 415.982.1600 fax 415.477.2390
301 Battery Street, 3rd Floor San Francisco, CA 94111
www.sfbar.org/vlsp

**HOMELESS ADVOCACY PROJECT** □
tel 415.575.3130  fax .415.575.3132
1360 Mission Street, Suite 201 San Francisco, CA 94103
www.sfbar.org/vlsp

Nanci L. Clarence
Kate Dyer
Edwin K. Prather
Nicole K. Howell
Craig H. Bessenger

# CLARENCE
# & DYER LLP

Attorneys At Law
899 Ellis Street
San Francisco, CA 94109
Tel: 415.749.1800
Fax: 415.749.1694
www.clarencedyer.com

July 16, 2008

Mr. Howard Young
F-44590-3A-05-150
P.O. Box 3461
Corcoran, California 93212

Re: Legal Representation

Dear Mr. Young:

Thank you for contacting Clarence & Dyer regarding your legal matter.  We regret that we are unable to assist you or provide representation to you.  We would like to remind you that there may be time restrictions for filing a claim or lawsuit that apply to your case.  Since our firm will not be representing you, we urge you to consult with an attorney regarding these time limits. We are also returning the case materials you sent to our office, which you will find enclosed in this package.

Again, we appreciate your inquiry and wish you well in your future endeavors.

Very truly yours,

Kate Dyer

Enclosure
KD/sc

EXHIBIT

E

# RAPID ENFORCEMENT ALLIED COMPUTER TEAM TASK FORCE

~ REDUCING THE INCIDENCE OF HIGH TECHNOLOGY CRIME THROUGH THE APPREHENSION OF THE PROFESSIONAL ORGRANIZERS OF LARGE SCALE CRIMINAL ACTIVITIES. ~

**MENU**

CONTACT INFORMATION

STATISTICAL REFERENCE

PRESS RELEASES

LAW ENFORCEMENT RESOURCES

LINKS

HOME



## REACT

A partnership of 16 local, state, and federal agencies, with the Federal Bureau of Investigations [FBI] designated as the lead agency.

## MISSION

To reduce the incidence of high technology crime through the apprehension of the professional organizers of large scale criminal activities.

## In 2004, REACT:

- Recovered property totaling $65,773,658.
- Issued 149 search warrants.
- Made 72 arrests.
- Participated in 298 law enforcement assists.
- Participated in 34 undercover operations.
- Performed 319 forensic examinations.

## REACT investigates the following crimes:

- Theft.
- Identity theft.
- Trademark violation.
- On-line crimes.

## REACT provides the following services:

- Technical support.
- Computer forensics.
- Training programs.

Updated: March 23, 2005

**401**

1

**SUPERIOR COURT OF CALIFORNIA**

2

**SANTA CLARA COUNTY JUDICIAL DISTRICT**

**PALO ALTO FACILITY**

3

4

STATE OF CALIFORNIA                          **AFFIDAVIT IN SUPPORT**

5

COUNTY OF SANTA CLARA  } ss.          **OF SEARCH WARRANT**

6

7

I, David Flohr, being sworn and truthful, state that on the basis of the information

8

contained within this Affidavit and any attachments thereto, I have probable cause to

9

believe and do believe that the property described below is lawfully seizable pursuant to

Penal Code Section 1524, as indicated below, in that it:

10

☐    was stolen or embezzled;

11

☐    was used as the means of committing a felony;

12

☐    is possessed by a person with the intent to use same as a means of

13

committing a public offense, or in the possession of another to whom

14

he/she may have delivered same for the purpose of concealing or

preventing its discovery;

15

☒    constitutes evidence tending to show that a felony has been committed or

16

that a particular person has committed a felony;

17

and that I have probable cause to believe and do believe that the described property is

18

now located at, and will be found at, the location(s) set forth below and thus REQUEST

19

A WARRANT TO SEARCH the premises at the following location(s):

20

21

**Airline Reporting Corporation**

22

**c/o James M. Manning**

23

24

**416**

PAPD Case Number:

1
2
3      **FOR THE FOLLOWING PROPERTY / RECORDS**
4
5      Any and all airline travel record documents related to:
6      Howard Young, DOB:01/04/1963
        Visa #4024212019392864
7              4032130129823604
8              4081610510348279
9
10     Pursuant to California Government Code Section 7475, the institution described above
11     in "location" is hereby ordered to comply with the requests for records contained in this
12     search warrant within 15 days of service of this search warrant.
13
14     In the event the above-described records are not located at the locations served with
15     this search warrant, pursuant to this search and seizure order and California Penal
16     Code Section 1530, the manager is hereby ordered to produce those records at the
       location served with this search warrant within 10 days of service of this warrant.
17
18     If additional time is needed to comply, then THE INSTITUTION DESCRIBED is ordered
19     to follow the requirements of Government Code Section 7475 and to also timely serve
20     the District Attorney's Office with a copy of any motion requesting an extension of time
       at least 48 hours in advance of the hearing on the motion.
21
22     And if you find the same or any part thereof, to hold such property in your possession
23     under California Penal Code Section 1536.
24
                                    **417**

                               2                                        C4

1
2
3 **OFFICER'S EXPERTISE**
4
5 I, David Flohr, hereby declare that the facts in support on issuance of this search
6 warrant are as follows:
7 I am currently employed as a Police Detective for the City of Palo Alto Police
8 Department and have been so employed for the past 13 years. I attended the Gavilan
9 College Basic Police Academy then completed the field-training program before
10 becoming a solo patrol officer.
11
12 I have received on-going annual training over the past 13 years in a wide variety of law
13 enforcement topics as required by P.O.S.T. and department policy.
14
15 I have obtained my Basic, Intermediate and Advanced P.O.S.T. certificates from the
16 State of California. I have attended the 80 hours Institute of Criminal Investigation core
17 course presented by San Jose State University. Since July 2001 I have been assigned
18 to the Investigative Services Division as a Property Crimes Investigator. In my capacity
19 as a Detective with this agency, I have worked numerous complex investigations,
20 including several cases involving suspects responsible for multiple burglaries.
21
22 **STATEMENT OF PROBABLE CAUSE**
23
24

3

**418**

CH

1   Since 2001, I have been investigating a series of commercial burglaries that

2 appear to have been committed by the same suspect. Video surveillance and in person

  contracts with the suspect by the employees of the victim companies have given similar

3 descriptions of the suspect. A suspect Howard Young was identified and several

4 search warrants were obtained to find additional evidence showing Young's

5 involvement. See affidavit attached as exhibit #1 and incorporated herein by this

  reference.

6   Detective Bouja of the R.E.A.C.T. Task Force learned from VISA that Young has

7 rented cars in the San Francisco Bay area several times over the last few months using

8 Hertz and Avis rental companies. I contacted the Palo Alto office of Hertz and

  confirmed that Young had rented several cars previously in the Bay Area and he had a

9 reservation to rent a sport utility vehicle on May 28th at the San Francisco International

10 Airport location.

11   On May 28th, 2004, Judge Hayden of the Santa Clara County Superior Court

  issued an arrest warrant for Howard Young. Young was arrested while exiting a United

12 Airlines flight at San Francisco International Airport.

13   Based upon my experience I know that the Airline Reporting Corporation

14 (ARC)maintains records of those traveling by domestic airlines. I believe that ARC will

  have records showing Young flying into the Bay Area during the times that the Bay Area

15 burglaries have occurred.

16   Based on this investigation, I am of the opinion Howard Young is involved in the

17 crime of Burglary. I believe California Penal Code section(s) 459/460(b) have occurred

  and that evidence of those violations is in the possession of

18

19  **Airline Reporting Corporation (ARC) at**

20  **c/o James M. Manning**

21 

22

23

24

             4

**419**   CH

WHEREFORE your affiant prays that a daytime search warrant be issued with respect to the above location for the seizure of said property at any time of the day and that the same be held under Penal Code section 1536 and disposed of according to law.

Items attached and incorporated by reference:    ☒ YES    ☐ NO

Subscribed and sworn to me

this 2ⁿᵈ day of  June, 2004.

David Flohr, #F0038
Palo Alto Police Department

**JUDGE OF THE SUPERIOR COURT**

CHARLES W. HAYDEN

**420**

5

# SUPERIOR COURT OF CALIFORNIA
## SANTA CLARA COUNTY JUDICIAL DISTRICT
### PALO ALTO FACILITY

### SEARCH WARRANT

THE PEOPLE OF THE STATE OF CALIFORNIA

To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of Santa Clara:

Proof by affidavit, having been made before me this day by David Flohr, that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, in that it:

- ☐ was stolen or embezzled;
- ☐ was used as the means of committing a felony;
- ☐ is possessed by a person with the intent to use same as a means of committing a public offense, or in the possession of another to whom he/she may have delivered same for the purpose of concealing or preventing its discovery;
- ☒ constitutes evidence tending to show that a felony has been committed or that a particular person has committed a felony; and that there is probable cause to believe that the described property is now located at, and will be found at, the location(s) set forth below:

YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of the premises located at:

**421**

PAPD Case Number
01-272-0058

1    **ARC**

2    **James M. Manning**

3

4

5    FOR THE FOLLOWING PROPERTY / RECORDS

6

7    Any and all airline travel record documents related to:

8    Howard Young, DOB:01/04/1963

9    Visa #4024212019392864

10        4032130129823604

11        4081610510348279

12

13    Pursuant to California Government Code Section 7475, the institution described above

14    in "location" is hereby ordered to comply with the request(s) for records contained in this

15    search warrant within 15 days of service of this search warrant.

16

17    AND, if you find the same or any part thereof, to hold such property in your possession

18    under California Penal Code Section 1536.

19    Subscribed and sworn to me

20    this 2nd day of June, 2004.

21

22    _____

23    JUDGE OF THE SUPERIOR COURT

     COUNTY OF SANTA CLARA

24

             CHARLES W. HAYDEN

             2

                             **422**   CH

IN THE SUPERIOR COURT
FOR THE SANTA CLARA COUNTY JUDICIAL DISTRICT,
COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

STATE OF CALIFORNIA     )
                           )  ss.   **RETURN AND INVENTORY ON**
                           )       **SEARCH WARRANT**
COUNTY OF SANTA CLARA  )

I, Detective David Flohr, make this return to the within seizure order,
on this _17_ day of ~~June~~, 2004. I received said order, and under its authority I
seized the below listed property on June 2nd, 2004.

**ADDRESS WHERE SEIZED:** The documents were received from the Airline
Reporting Corporation from a search warrant served at 4100 Fairfax Drive,
Arlington, Virginia 22203. The search warrant was dated the 2nd day of June,
2004, and was executed by Judge Charles Hayden, Judge of the Superior
Court, County of Santa Clara, State of California.

**INVENTORY:** See Exhibit "A", Palo Alto Police Property Sheet attached
hereto and incorporated by reference.

I, Detective David Flohr, by whom this warrant was executed, do swear
that the inventory set forth in Exhibit "A" contains a true and detailed account
of all the property received by me pursuant to the warrant and order. The
property seized will be held under California Penal Code Section 1536 and
disposed of according to law, or the property will be held and processed in
accordance with the forfeiture procedures set forth in California Penal Code
186.3 et seq. or Title 21, United States Code Section 881, et seq.

Subscribed and sworn before me
this _17_ day of ~~June~~, 2004
       Aug. CH

Detective David Flohr, PAPD

**CHARLES W. HAYDEN**

Judge of the Superior Court, County of Santa Clara,
State of California

423

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY JUDICIAL DISTRICT

PALO ALTO FACILITY

STATE OF CALIFORNIA                        **AFFIDAVIT IN SUPPORT**

COUNTY OF SANTA CLARA  } ss.             **OF SEARCH WARRANT**

I, David Flohr, being sworn and truthful, state that on the basis of the information contained within this Affidavit and any attachments thereto, I have probable cause to believe and do believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, in that it:

☐   was stolen or embezzled;

☐   was used as the means of committing a felony;

☐   is possessed by a person with the intent to use same as a means of committing a public offense, or in the possession of another to whom he/she may have delivered same for the purpose of concealing or preventing its discovery;

☒   constitutes evidence tending to show that a felony has been committed or that a particular person has committed a felony;

and that I have probable cause to believe and do believe that the described property is now located at, and will be found at, the location(s) set forth below and thus REQUEST A WARRANT TO SEARCH the premises at the following location(s):

**Cendant Car Rental Group (Avis)**



**424**

PAPD Case Number:

FOR THE FOLLOWING PROPERTY / RECORDS

Any and all documents, contracts and rental agreements associated with:

Howard Young, DOB:01/04/1963

Visa #4024212019392864

         4032130129823604

         4081610510348279

Wizard #L6H65P

Pursuant to California Government Code Section 7475, the institution described above in "location" is hereby ordered to comply with the requests for records contained in this search warrant within 15 days of service of this search warrant.

In the event the above-described records are not located at the locations served with this search warrant, pursuant to this search and seizure order and California Penal Code Section 1530, the manager is hereby ordered to produce those records at the location served with this search warrant within 10 days of service of this warrant.

If additional time is needed to comply, then THE INSTITUTION DESCRIBED is ordered to follow the requirements of Government Code Section 7475 and to also timely serve the District Attorney's Office with a copy of any motion requesting an extension of time at least 48 hours in advance of the hearing on the motion.

And if you find the same or any part thereof, to hold such property in your possession under California Penal Code Section 1536.

2

**425**    C

1

## OFFICER'S EXPERTISE

2

3    I, David Flohr, hereby declare that the facts in support on issuance of this search

4    warrant are as follows:

5    I am currently employed as a Police Detective for the City of Palo Alto Police

6    Department and have been so employed for the past 13 years.  I attended the Gavilan

7    College Basic Police Academy then completed the field-training program before

8    becoming a solo patrol officer.

9

10    I have received on-going annual training over the past 13 years in a wide variety of law

11    enforcement topics as required by P.O.S.T. and department policy.

12

13    I have obtained my Basic, Intermediate and Advanced P.O.S.T. certificates from the

14    State of California.  I have attended the 80 hours Institute of Criminal Investigation core

15    course presented by San Jose State University.  Since July 2001 I have been assigned

16    to the Investigative Services Division as a Property Crimes Investigator.  In my capacity

17    as a Detective with this agency, I have worked numerous complex investigations,

18    including several cases involving suspects responsible for multiple burglaries.

19

20

## STATEMENT OF PROBABLE CAUSE

21

22        Since 2001, I have been investigating a series of commercial burglaries that

23    appear to have been committed by the same suspect.  Video surveillance and in person

24    contracts with the suspect by the employees of the victim companies have given similar

3

**426**

1    descriptions of the suspect.  A suspect Howard Young was identified and several

2    search warrants were obtained to find additional evidence showing Young's

3    involvement.   See affidavit attached as exhibit #1 and incorporated herein by this

     reference.

4        Detective Bouja of the R.E.A.C.T. Task Force learned from VISA that Young has

5    rented cars in the San Francisco Bay area several times over the last few months using

6    Hertz and Avis rental companies.  I contacted the Palo Alto office of Hertz and

     confirmed that Young had rented several cars previously in the Bay Area and he had a

7    reservation to rent a sport utility vehicle on May 28th at the San Francisco International

8    Airport location.

9        On May 28th, 2004, Judge Hayden of the Santa Clara County Superior Court

10   issued an arrest warrant for Howard Young.  Young was arrested while exiting a United

     Airlines flight at San Francisco International Airport.

11       Based upon my experience I know that car rental companies maintain records

12   showing who rents their vehicles.  I believe that Cendant Car Rental Group will have

13   records showing Young renting cars during the times that the Bay Area burglaries have

     occured.

14

15       Based on this investigation, I am of the opinion  Howard Young is involved in the

16   crime of Burglary.  I believe California Penal Code section(s) 459/460(b) have occurred

     and that evidence of those violations is in the possession of

17

18   **Cendant Car Rental Group (Avis)** at



19

20

21

22       WHEREFORE your affiant prays that a daytime search warrant be issued with

23   respect to the above location for the seizure of said property at any time of the day and

24

                                           4

                                                          **427**    CA

that the same be held under Penal Code section 1536 and disposed of according to law.

Items attached and incorporated by reference:    ☒ YES    ☐ NO

Subscribed and sworn to me
this 2nd day of June, 2004.

_____
David Flohr #F0038
Palo Alto Police Department

_____
JUDGE OF THE SUPERIOR COURT

CHARLES W. HAYDEN

5

428

1

2

3

4

### SUPERIOR COURT OF CALIFORNIA
### SANTA CLARA COUNTY JUDICIAL DISTRICT
### PALO ALTO FACILITY

### SEARCH WARRANT

5 THE PEOPLE OF THE STATE OF CALIFORNIA

6 To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of

7 Santa Clara:

8 Proof by affidavit, having been made before me this day by David Flohr, that the

9 property described below is lawfully seizable pursuant to Penal Code Section 1524, as

10 indicated below, in that it:

11

12 ☐ was stolen or embezzled;

☐ was used as the means of committing a felony;

13 ☐ is possessed by a person with the intent to use same as a means of

14 committing a public offense, or in the possession of another to whom

15 he/she may have delivered same for the purpose of concealing or

preventing its discovery;

16 ☒ constitutes evidence tending to show that a felony has been committed or

17 that a particular person has committed a felony; and that there is probable

18 cause to believe that the described property is now located at, and will be

19 found at, the location(s) set forth below:

20

21 YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of

the premises located at:

22

23

24

PAPD Case Number
01-272-0058

**429**

Cendant Car Rental Group (Avis)

513 Eccles Avenue
South San Francisco, California  94080

FOR THE FOLLOWING PROPERTY / RECORDS

Any and all documents, contracts and rental agreements associated with:

Howard Young, DOB:01/04/1963

Visa #4024212019392864

4032130129823604

4081610510348279

Wizard #L6H65P

Pursuant to California Government Code Section 7475, the institution described above in "location" is hereby ordered to comply with the request(s) for records contained in this search warrant within 15 days of service of this search warrant.

AND, if you find the same or any part thereof, to hold such property in your possession under California Penal Code Section 1536.

Subscribed and sworn to me this 2nd day of  June, 2004.

JUDGE OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA

CHARLES W. HAYDEN

2

430

**SUPERIOR COURT OF CALIFORNIA**

**SANTA CLARA COUNTY JUDICIAL DISTRICT**

**PALO ALTO FACILITY**

STATE OF CALIFORNIA

COUNTY OF SANTA CLARA } ss.

**AFFIDAVIT IN SUPPORT**

**OF SEARCH WARRANT**

I, David Flohr, being sworn and truthful, state that on the basis of the information contained within this Affidavit and any attachments thereto, I have probable cause to believe and do believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, in that it:

☐    was stolen or embezzled;

☐    was used as the means of committing a felony;

☐    is possessed by a person with the intent to use same as a means of committing a public offense, or in the possession of another to whom he/she may have delivered same for the purpose of concealing or preventing its discovery;

☒    constitutes evidence tending to show that a felony has been committed or that a particular person has committed a felony;

and that I have probable cause to believe and do believe that the described property is now located at, and will be found at, the location(s) set forth below and thus REQUEST A WARRANT TO SEARCH the premises at the following location(s):

Hertz

c/o CT Corporation

████████████████

**444**

PAPD Case Number:

1

2

3    **FOR THE FOLLOWING PROPERTY / RECORDS**

4

5    Any and all documents, contracts and rental agreements associated with:

6    Howard Young, DOB:01/04/1963
     Visa #4024212019392864

7          4032130129823604

8          4081610510348279

9

10   Pursuant to California Government Code Section 7475, the institution described above

11   in "location" is hereby ordered to comply with the requests for records contained in this

12   search warrant within 15 days of service of this search warrant.

13

14   In the event the above-described records are not located at the locations served with

15   this search warrant, pursuant to this search and seizure order and California Penal

16   Code Section 1530, the manager is hereby ordered to produce those records at the

     location served with this search warrant within 10 days of service of this warrant.

17

18   If additional time is needed to comply, then THE INSTITUTION DESCRIBED is ordered

19   to follow the requirements of Government Code Section 7475 and to also timely serve

20   the District Attorney's Office with a copy of any motion requesting an extension of time

     at least 48 hours in advance of the hearing on the motion.

21

22   And if you find the same or any part thereof, to hold such property in your possession

23   under California Penal Code Section 1536.

24

                                             2                                   **445**

## OFFICER'S EXPERTISE

I, David Flohr, hereby declare that the facts in support on issuance of this search warrant are as follows:

I am currently employed as a Police Detective for the City of Palo Alto Police Department and have been so employed for the past 13 years. I attended the Gavilan College Basic Police Academy then completed the field-training program before becoming a solo patrol officer.

I have received on-going annual training over the past 13 years in a wide variety of law enforcement topics as required by P.O.S.T. and department policy.

I have obtained my Basic, Intermediate and Advanced P.O.S.T. certificates from the State of California. I have attended the 80 hours Institute of Criminal Investigation core course presented by San Jose State University. Since July 2001 I have been assigned to the Investigative Services Division as a Property Crimes Investigator. In my capacity as a Detective with this agency, I have worked numerous complex investigations, including several cases involving suspects responsible for multiple burglaries.

## STATEMENT OF PROBABLE CAUSE

446

3

1    Since 2001, I have been investigating a series of commercial burglaries that

2    appear to have been committed by the same suspect. Video surveillance and in person

3    contracts with the suspect by the employees of the victim companies have given similar

4    descriptions of the suspect. A suspect Howard Young was identified and several

5    search warrants were obtained to find additional evidence showing Young's

6    involvement.   See affidavit attached as exhibit #1 and incorporated herein by this
     reference.

7    Detective Bouja of the R.E.A.C.T. Task Force learned from VISA that Young has

8    rented cars in the San Francisco Bay area several times over the last few months using

9    Hertz and Avis rental companies. I contacted the Palo Alto office of Hertz and

10   confirmed that Young had rented several cars previously in the Bay Area and he had a

11   reservation to rent a sport utility vehicle on May 28th at the San Francisco International
     Airport location.

12   On May 28th, 2004, Judge Hayden of the Santa Clara County Superior Court

13   issued an arrest warrant for Howard Young. Young was arrested while exiting a United

14   Airlines flight at San Francisco International Airport.

15   Based upon my experience I know that car rental companies maintain records

16   showing who rents their vehicles. I believe that Cendant Car Rental Group will have

17   records showing Young renting cars during the times that the Bay Area burglaries have
     occurred.

18   Based on this investigation, I am of the opinion  Howard Young is involved in the

19   crime of Burglary.  I believe California Penal Code section(s) 459/460(b) have occurred

20   and that evidence of those violations is in the possession of

21   Hertz at

22   c/o CT Corporation

447

WHEREFORE your affiant prays that a daytime search warrant be issued with respect to the above location for the seizure of said property at any time of the day and that the same be held under Penal Code section 1536 and disposed of according to law.

Items attached and incorporated by reference:    ☒ YES    ☐ NO

Subscribed and sworn to me
this 2nd day of June, 2004.

David Flohr, #F0038
Palo Alto Police Department

JUDGE OF THE SUPERIOR COURT

CHARLES W. HAYDEN

448

5

**SUPERIOR COURT OF CALIFORNIA**

**SANTA CLARA COUNTY JUDICIAL DISTRICT**

**PALO ALTO FACILITY**

**SEARCH WARRANT**

THE PEOPLE OF THE STATE OF CALIFORNIA

To any Sheriff, Constable, Marshal, Police Officer, or Peace Officer in the County of

Santa Clara:

Proof by affidavit, having been made before me this day by David Flohr, that the

property described below is lawfully seizable pursuant to Penal Code Section 1524, as

indicated below, in that it:

☐   was stolen or embezzled;

☐   was used as the means of committing a felony;

☐   is possessed by a person with the intent to use same as a means of
    committing a public offense, or in the possession of another to whom
    he/she may have delivered same for the purpose of concealing or
    preventing its discovery;

☒   constitutes evidence tending to show that a felony has been committed or
    that a particular person has committed a felony; and that there is  probable
    cause to believe that the described property is now located at, and will be
    found at, the location(s) set forth below:

YOU ARE THEREFORE COMMANDED, in the daytime, to make immediate search of

the premises located at:

**449**

PAPD Case Number
01-272-8058

1  Hertz

2  c/o CT Corporation

3  ████████████████████████

4  ████████████████

5  FOR THE FOLLOWING PROPERTY / RECORDS

6

7  Any and all documents, contracts and rental agreements associated with:

8  Howard Young, DOB:01/04/1963

9  Visa #4024212019392864

10        4032130129823604

11        4081610510348279

12  ✳

13  Pursuant to California Government Code Section 7475, the institution described above

14  in "location" is hereby ordered to comply with the request(s) for records contained in this

15  search warrant within 15 days of service of this search warrant.

16

17  AND, if you find the same or any part thereof, to hold such property in your possession

18  under California Penal Code Section 1536.

19  Subscribed and sworn to me

20  this 2nd day of June, 2004.

21

22  *[signature]*

23  JUDGE OF THE SUPERIOR COURT

24  COUNTY OF SANTA CLARA

CHARLES W. HAYDEN

2

450

IN THE SUPERIOR COURT
FOR THE SANTA CLARA COUNTY JUDICIAL DISTRICT,
COUNTY OF SANTA CLARA, STATE OF CALIFORNIA

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | **RETURN AND INVENTORY ON** |
| | ) ss. | **SEARCH WARRANT** |
| COUNTY OF SANTA CLARA | ) | |

I, Detective David Flohr, make this return to the within seizure order, on this ____ day of July, 2004. I received said order, and under its authority I seized the below listed property on June 28th, 2004.

ADDRESS WHERE SEIZED: The documents were received from Hertz from a search warrant served at CT Corporation ████████████████████ ████████████████. The search warrant was dated the 2nd day of June, 2004, and was executed by Judge Charles Hayden, Judge of the Superior Court, County of Santa Clara, State of California.

INVENTORY: See Exhibit "A", Palo Alto Police Property Sheet attached hereto and incorporated by reference.

I, Detective David Flohr, by whom this warrant was executed, do swear that the inventory set forth in Exhibit "A" contains a true and detailed account of all the property received by me pursuant to the warrant and order. The property seized will be held under California Penal Code Section 1536 and disposed of according to law, or the property will be held and processed in accordance with the forfeiture procedures set forth in California Penal Code 186.3 et seq. or Title 21, United States Code Section 881, et seq.

Subscribed and sworn before me
this __20th__ day of July, 2004                    _____
                                                 Agent David Flohr, PAPD


_____
Judge of the Superior Court, County of Santa Clara,
State of California

**451**

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:

I am over 18 years of age, and a party to the within action.

My address is:  _P.O. Box 8800_
_Corcoran, CA. 93212-8800_

_____

On  _8-4-08_  , I served a copy of the attached

_Plaintiffs Motion For An Evidentiary Hearing And_

_Appointment of Counsel_

On the below-named persons by placing a true copy thereof
in envelope addressed as follows, with first class postage
thereon fully prepaid, and delivering the sealed envelopes,
according to the procedures prescribed for sending legal
mail, to the proper institutional official for deposit
in the United States mail at Corcoran, in the County of
Kings, California.

_Edmund G. Brown_          _____
_California Attorney_       _____
_Generals Office_          _____
_455 Golden Gate Ave. suite 11000_  _____
_San Francisco, CA. 94102-7004_   _____


Executed under penalty of perjury this  _4th_  day of
_August_  , 200 _8_ , at Corcoran, California.



_Lent N. King_
DECLARANT

Kent King

LEGAL MAIL



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com

Clerk, U.S. District Court
Northern District of California - San Jose Division
280 S. First Str. room 2112
San Jose, California 95113-3095

CORCORAN STATE PRISON



Hasler

$05.9
Mailed From 9
US POST/
07/02/08

